Charles D. Marshall (State Bar No. 236444)
**MARSHALL LAW FIRM**
2121 N. California Blvd., Suite 290
Walnut Creek, CA  92596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for Plaintiff
RON DAVIS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

RON DAVIS, an individual, on behalf of all himself and all others similarly situated,

        Plaintiff,

    vs.

VISA, Inc., a Delaware corporation,

    Defendant.

Case No. 3:13-cv-5125

**CLASS ACTION COMPLAINT FOR:**

1. **BREACH OF CONTRACT;**
2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**
3. **DECLARATORY RELIEF;**
4. **VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CIV. CODE §1750 *et seq.*); and**
5. **VIOLATION OF THE UNFAIR COMPETITION LAW (BUS. & PROF. CODE §17200 *et. seq.*).**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, Ron Davis, on behalf of himself and all others similarly situated, allege:

## I.      INTRODUCTION

1.      This lawsuit is about Defendant VISA, Inc. ("VISA") implementing an internal, uniform policy which resulted in a breach of its promise to provide VISA brand credit cardholders with a benefit known as "Auto Rental Collision Damage Waiver—Personal" ("Auto Rental CDW").

2.      VISA markets and promises to its cardholders an Auto Rental CDW benefit. Essentially, VISA offers to reimburse cardholders for money owed for damage or theft related to a car rental if the cardholder (a) pays for the rental with a VISA card, and (b) declines the rental company's collision damage waiver.

3.      VISA, however, has a secret, uniform policy of declining to extend the benefit to VISA cardholders who rent cars through a company known as Zipcar.  VISA contends that Zipcar is not a car rental company, but rather a "car share" company, and thus not covered by the Auto Rental CDW. While VISA does disclaim certain types of rentals or transactions in its Auto Rental CDW agreement to consumer, VISA fails to make any disclaimer or exclusion for rentals made through Zipcar.

4.      Regardless of VISA's internal policy, Zipcar *is* a car rental company, and thus rentals made through Zipcar are covered by the Auto Rental CDW benefit.  Zipcar customers do not "share" ownership in the cars they rent, and indeed have no ownership rights in the vehicles whatsoever.  For the purposes of the VISA Auto Rental CDW benefit, there is no meaningful distinction between a rental through Zipcar and rentals made through other companies which are covered by the benefit.

CLASS ACTION COMPLAINT

5.      As discussed in more detail below, Plaintiff Ron Davis used his VISA branded credit card to rent a car from Zipcar, declined Zipcar's optional deductible insurance, and unfortunately incurred $721.70 in damage to the rental. Plaintiff Davis then made a timely claim against the Auto Rental CDW benefit for that amount, but VISA declined the coverage citing its uniform, internal policy to consider Zipcar as something other than a car rental company.

6.      As a result, Plaintiff and the class members as described below, are injured because they have not, and will not, receive the promised Auto Rental CDW benefit for rentals made through Zipcar. Plaintiff alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, declaratory relief, as well as for violations  of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.* and the Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"). Through this complaint, Plaintiff seeks, among other things, (1) a declaration that VISA breached its agreement to provide Auto Rental CDW benefits to cardholders, and that VISA must consider Zipcar rentals as eligible for the Auto Rental CDW benefit, (2) reimbursement of claims improperly denied on the basis that Zipcar is not a rental company and/or (3) an order allowing class members to re-apply for the Auto Rental CDW benefit if they were previously denied coverage based on the rental in question being made from Zipcar, and (4) reasonable attorney's fees and costs.

## II.      PARTIES

7.      Plaintiff Ron Davis is a resident of the state of Washington and is a VISA branded Alaska Airlines Signature credit cardholder.

8.      Defendant VISA, Inc., ("VISA") is a Delaware corporation with its principal place of business in Foster City, CA.

3

### III. JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $5,000,000, and more than two-thirds of the members of the proposed class are citizens of a state different than Defendant.

10.     Venue is proper on this District under 28 U.S.C. section 1391 (a) and (c). A substantial part of the events and conduct giving rise to the violations of law alleged herein occurred in this District; VISA is headquartered in this District; and VISA conducts substantial business with consumers in this District.

### IV. FACTUAL ALLEGATIONS

**A. VISA's Auto Rental Collision Damage Waiver Benefit**

11.     VISA is a global payments technology company.  While VISA does not issue credit cards itself, VISA contracts with entities that do.  Such cards are branded with the VISA logo and utilize VISA's payment technology.

12.     VISA generates revenue in several manners, one of which is to charge merchants and/or credit providers fees for using VISA's payment technology.  As a result, the more consumers who use VISA branded credit cards, the more revenue VISA stands to earn.

13.     Among the ways VISA attracts consumers to VISA branded credit cards over cards which use competing payment technologies is to offer VISA branded cardholders certain benefits.

14.     Pertinent to this complaint is the "Auto Rental Collision Damage Waiver – Personal," referred to in this complaint as "Auto Rental CDW".

15. VISA offers Auto Rental CDW to all VISA standard, VISA Rewards and VISA Premium Rewards credit cardholders. See, Auto Rental CDW Benefit Agreement at http://usa.visa.com/personal/cards/benefits/bft_dmg_waiver_personal.html.

16. VISA's Auto Rental CDW benefit promises to provide "[c]ollision and theft coverage on auto rentals."  Id.

17. The Auto Rental CDW benefit "provides reimbursement for damage due to collision or theft up to the actual cash value of most rental vehicles."  The benefit "is supplemental to, and excess of, any valid and collectible insurance from any other source. [VISA] will reimburse only for that damage or theft not payable by any other party." Id.

18. A qualified cardholder "activate[s Auto Rental CDW] coverage" by completing "the entire rental transaction with your eligible VISA card and declin[ing] the collision damage waiver (CDW) coverage if offered by the rental company." Id.

19. Once VISA deems Auto Rental CDW coverage activated, VISA states that the benefit covers costs for any theft or damage to the rental vehicle; valid administrative and loss-of-use charges imposed by the auto rental company; reasonable towing charges that occur while the cardholder is responsible for the rental vehicle; and—if the cardholder has personal automobile insurance or other insurance covering the theft or damage—the deductible portion of the insurance. Id.

20. Claims under the Auto Rental CDW benefit must be submitted within 45 days from the date of the theft or damage. Id.

**B. Zipcar Is A Vehicle Rental Service**

21. Zipcar is a vehicle rental service.

CLASS ACTION COMPLAINT

22.     Customers of Zipcar do not hold or share title to any of the vehicles in Zipcar's fleet, nor do they have any rights to the cars beyond the ability to use them at the times and for the duration agreed to by Zipcar.

23.     While Zipcar may market itself as a "car sharing" service, Zipcar customers neither have, nor share, any ownership rights in the vehicles of Zipcar's fleet.

24.     For the purposes of VISA's Auto Rental CDW, there is no meaningful distinction between Zipcar and other rental services VISA considers covered by the benefit.

25.     When Zipcar rents a vehicle to a customer, Zipcar provides *mandatory* insurance as part of its rental price which the customer has no option to decline.  Upon information and belief, the Zipcar mandatory insurance is provided by a licensed and regulated insurance company and does not constitute a "collision damage waiver" as used by many rental car companies.

26.     A "collision damage waiver" is not the same as insurance in that it is not a product provided for by a licensed and regulated insurance company, but rather is an agreement by the rental car company to waive its rights to pursue the customer for damage to the rented vehicle.

27.     Zipcar's mandatory vehicle insurance includes a deductible the customer must satisfy before the insurance coverage will begin.

28.     Accordingly, Zipcar also offers an *optional* insurance to customers to cover any amount a Zipcar customer must pay toward the deductible of the mandatory insurance.

29.     As described below, Plaintiff declined Zipcar's optional deductible insurance.

**C.  Plaintiff Davis' Experience**

30.     Plaintiff Davis maintains a VISA branded Alaska Airlines Signature credit card ("Credit Card").

6

31.     Plaintiff's Credit Card is among the types for which VISA promises the Auto Rental CDW benefit.

32.     On or about October 14, 2012, Plaintiff entered into a rental car transaction with Zipcar and completed the transaction with his Credit Card.

33.     Plaintiff was unable to decline Zipcar's mandatory insurance for his rental, but declined the optional insurance covering the deductible.

34.     By completing the rental transaction with his Credit Card and declining the optional deductible insurance,[1] Plaintiff activated VISA's Auto Rental CDW benefit.

35.     During the course of Plaintiff's use of his Zipcar rental, the car sustained damage valued at $721.70.

36.     The deductible for Zipcar's mandatory insurance was $750, meaning that Plaintiff was responsible for and paid the entirety of the $721.70 repair bill.

37.     Plaintiff made a timely claim for the $721.70 against the Auto Rental CDW benefit provided by his Credit Card

38.     Plaintiff satisfied all terms and conditions to activate the Auto Rental CDW benefit.

39.     VISA responded by declining Plaintiff's claim, stating that (a) VISA considers Zipcar to be a "car share" company, not a vehicle rental company, and thus not covered by the Auto Rental CDW benefit; and (b) that Plaintiff's declination of the optional deductible insurance did not satisfy the condition that the consumer qualify as "decline the collision damage waiver (CDW) coverage if offered by the rental company."

---

[1] In the event the optional deductible insurance offered by Zipcar is not considered "collision damage waiver" as described in the Auto Rental CDW Benefit Agreement, its declination is not an element required to trigger the Auto Rental CDW benefit.

CLASS ACTION COMPLAINT

40. As described above, Zipcar is a vehicle rental company.

41. As also described above, Plaintiff was unable to decline Zipcar's mandatory insurance policy, but did decline the optional deductible coverage. Plaintiff only sought reimbursement for that portion of costs which would have been covered by the declined, optional deductible coverage. In addition, upon information and belief, the mandatory insurance offered by Zipcar is an insurance policy provided by a licensed, regulated insurance entity, not a "collision damage waiver" as described in the Auto Rental CDW Benefit Agreement. (*see*, http://www.zipcar.com/how/faqs/whats-deal-insurance). Thus the acceptance or declination of that policy is of no moment under the Auto Rental CDW Benefit Agreement or to Plaintiff's claim for the benefit.

## V.     CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons or entities others who are similarly situated.

43. Plaintiff seeks to represent the following proposed Class and Subclass under Rule 23(b)(2):

a.     **Nationwide Declaratory Relief Class ("Declaratory Relief Class"):** All persons and entities in the United States who maintain a VISA standard, VISA Rewards and VISA Premium Rewards branded credit card offering automobile rental collision damage waiver ("Auto Rental CDW") coverage, and who were denied a claimed benefit based on VISA's determination that Auto Rental CDW does not cover claims for rentals made through Zipcar.

b.     **Nationwide Consumer Declaratory Relief Class ("Declaratory Relief Consumer Subclass"):** For the purposes of the CLRA claim only, all consumers who are residents of the United States who maintain a VISA standard, VISA Rewards and VISA Premium Rewards branded credit card offering automobile rental collision damage waiver ("Auto Rental CDW") coverage, and who were denied a claimed benefit based on VISA's

8

determination that its Auto Rental CDW does not cover claims for rentals through Zipcar.

44.     Plaintiff seeks to represent the following proposed class damages under Rule 23(b)(3):

>    a.     **Nationwide Damages Class:** All persons and entities in the United States who maintain a VISA standard, VISA Rewards and VISA Premium Rewards branded credit card offering automobile rental collision damage waiver ("Auto Rental CDW") coverage, and who were denied a claimed benefit based on VISA's determination that its Auto Rental CDW does not cover claims for rentals through Zipcar, and who paid out-of-pocket for otherwise covered damage.

45.     On November 4, 2013, Plaintiff mailed VISA a demand letter in compliance with the requirements of the CLRA seeking, among the other relief requested in this Complaint, damages for consumers for violations of the CLRA.  If VISA fails to satisfy the conditions of the demand by November 9, 2013, Plaintiff intends to amend this Complaint to include a claim for damages under the CLRA, and well as a Nationwide Consumer Damages Class in relation to the CLRA claim.

46.     Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Declaratory Relief Class, Declaratory Relief Consumer Subclass and Damages Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class and Subclass is Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with

9

CLASS ACTION COMPLAINT

Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

47. Plaintiff's action meets the prerequisites of Rule 23(a) because:

a. **Numerosity:** Each class as defined above consists of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. Though the exact number and identity of class and subclass members is not presently known, they can be identified through Defendant's records.

b. **Commonality:** There are questions of law and fact common to the each class and subclass. Such common questions include, but are not limited to:

    i. Whether the terms of the VISA Auto Rental CDW Benefit Agreement covers rentals made through Zipcar;

    ii. Whether VISA has a policy to deny claims made against its Auto Rental CDW coverage for rentals made through Zipcar;

    iii. Whether VISA breached its Auto Rental CDW Benefit Agreement by implementing a policy to deny coverage for claims relating to Zipcar rentals;

    iv. Whether VISA breached the duty of good faith and fair dealing implied in its Auto Rental CDW Benefit Agreement by implementing a policy to deny coverage for claims relating to Zipcar rentals;

10

v.      Whether VISA violated the Consumers Legal Remedies Act, Civil Code §§ 1750 *et seq* ("CLRA") by representing that its Auto Rental CDW has characteristics, uses or benefits which it does not have;

vi.      Whether VISA violated the CLRA by advertising its Auto Rental CDW benefit with the intent not to provide it as advertised;

vii.      Whether VISA violated the CLRA by representing that its Auto Rental CDW benefit confers rights, remedies, or obligations which it does not have or involve; and,

viii.      Whether VISA violated the CLRA by representing that its Auto Rental CDW benefit was provided in accordance with previous representations when it was not.

48.    **Typicality:**  As someone who maintains a VISA branded credit card offering Auto Rental CDW, Plaintiff's claims are typical of each class and subclass.

49.    **Adequacy:**  Plaintiff will fairly and adequately protect the interests of each class and subclass. Plaintiff has no interests that are antagonistic to or in conflict with the interests of the any of the classes as a whole, and Plaintiff engaged competent counsel experience in class actions and complex litigation.

50.    This action is properly maintainable as a class action for the following independent reasons and under the following portions of Rule 23:

a.      The prosecution of separate actions by members of each class would create a risk of adjudications with respect to individual members of each class which would, as a practical matter, be dispositive of the interests of the other

11

members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B).

b. The Defendant acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the each class as a whole. Fed. R. Civ. P. 23(b)(2).

c. Questions of law and fact common to members of each class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

51. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including but not limited to providing class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

52. Plaintiff, on behalf of himself and the members of each class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

53. This claim is brought on behalf of Plaintiff, the Declaratory Relief Class and the Damages Class.

CLASS ACTION COMPLAINT

54.     VISA entered into the Agreement with Plaintiff, and the members of each class, to make available the Auto Rental CDW benefit.

55.     Plaintiff and members of each class gave consideration that was fair and reasonable, and performed all conditions, covenants and promises required under the Agreement.

56.     In the Agreement, VISA promised that it would "provide[] reimbursement for damage due to collision of theft up to the value of most rental vehicles," noting that the "benefit is supplemental to, and excess of, any valid and collectible insurance from any other source," and stating that VISA "will reimburse only for that damage or theft not payable by any other party."[2]

57.     The Agreement does not define the term "rental vehicle."

58.     The Agreement does include a section titled "What is *not* covered?" (emphasis in original); however, that section does not state rentals made through Zipcar, or other forms of hourly automobile rentals, are excluded.

59.     The Agreement also includes a section titled "What types of rental vehicles are *not* covered?" (emphasis in original); however, that section does not state rentals made through Zipcar, or other forms of hourly rentals, are not covered.

---

[2] *See* e.g., Auto Rental CDW Benefit Agreement

http://usa.visa.com/personal/cards/benefits/bft_dmg_waiver_personal.html.

CLASS ACTION COMPLAINT

60.     As alleged herein, VISA breached and continues to breach its contractual promise by rejecting Auto Rental CDW benefit claims made by cardholders who rented vehicles through Zipcar based on a nationwide policy—not stated in the Agreement, and unsupported by fact— that Zipcar does not meet the definition of a "rental vehicle."

61.     By reason of VISA's breaches, Plaintiff and members of each class were damaged in that they were denied or not afforded coverage under the promised Auto Rental CDW benefit.

62.     VISA directly benefited from, and is unjustly enriched by, the contractual breaches alleged herein.

63.     As a result, Plaintiff and each class member is entitled to a declaration that the Auto Rental CDW benefit in the Agreement covers vehicles rented through Zipcar, and an injunction forcing VISA to allow Plaintiff and class members to reactivate or resubmit their applications for coverage.

64.     Further, as a result, Plaintiff and members of the Nationwide Damages Class sustained damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing )

65.     Plaintiff, on behalf of himself and the members of each class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

66.     This claim is brought on behalf of Plaintiff, the Declaratory Relief Class and the Damages Class.

14

CLASS ACTION COMPLAINT

67.     Under common law, a covenant of good faith and fair dealing is implied into every contract.

68.     VISA's implementation of a policy to consider cars obtained through Zipcar as something other than car rentals under the Agreement violates the spirit of the Agreement and is intended to prevent, and has had the effect of preventing Plaintiff and class members who rent vehicles through Zipcar from receiving the benefit of the Auto Rental CDW.

69.     By the actions described above, VISA violated the implied covenant of good faith and fair dealing that exists in the Agreement between VISA, Plaintiff and each class member.

70.     By reason of VISA's breaches, Plaintiff and members of each class were damaged in that they were denied or not afforded coverage under the promised Auto Rental CDW benefit.

71.     VISA directly benefited from, and is unjustly enriched by, the breaches alleged herein.

72.     As a result, Plaintiff and each class member is entitled to a declaration that the Auto Rental CDW benefit in the Agreement covers vehicles rented through Zipcar, and an injunction forcing VISA to allow Plaintiff and class members to reactivate or resubmit their applications for coverage.

73.     Further, as a result, Plaintiff and member of the Nationwide Damages Class sustained damages in an amount to be determined at trial.

15

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

74.     Plaintiff, on behalf of himself and the members of each class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

75.     This claim is brought on behalf of Plaintiff and the Declaratory Relief Class.

76.     A dispute exists between Plaintiff and the class and VISA over VISA's implementation of its Auto Rental CDW benefit in relation to vehicles rented from Zipcar.

77.     Plaintiff contends that VISA's Auto Rental CDW benefit includes, and does not exclude, coverage for claims made against cars rented through Zipcar.

78.     VISA contends that:

a.     vehicles rented through Zipcar are not "rental vehicles," and thus not covered under the Auto Rental CDW benefit, and

b.     a denial of Zipcar's optional deductible insurance cannot trigger the Auto Rental CDW benefit.

79.     Plaintiff seeks declaratory relief in the form of a finding that there is no meaningful distinction between Zipcar rentals versus vehicles rented through other companies covered by VISA's Auto Rental CDW benefit, and as such Zipcar rentals are covered by the Auto Rental CDW Benefit Agreement.

80.     Plaintiff also seeks declaratory relief in the form of a finding that (a) neither the mandatory insurance nor the optional deductible insurance offered by Zipcar are "collision damage waivers" as described by the Auto Rental CDW Benefit Agreement, and (b) if the

16

optional deductible insurance is a collision damage waiver, its declination is an element that may can trigger the Auto Rental CDW benefit.

## **FOURTH CAUSE OF ACTION**

**(Violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*)**

81.   Plaintiff, on behalf of himself and the members of each class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

82.   This claim is brought on behalf of the Declaratory Relief Consumer Subclass. On November 4, 2013, Plaintiff mailed VISA a demand letter in compliance with the requirements of the CLRA seeking, among the other relief requested in this Complaint, damages for consumers for violations of the CLRA.  If VISA fails to satisfy the conditions of the demand by November 9, 2013, Plaintiff intends to amend this Complaint to include a claim for damages under the CLRA, and well as a Nationwide Consumer Damages Class in relation to the CLRA claim.

83.   This claim is brought against VISA pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*

84.   The Auto Rental CDW benefit is a "service" as defined by Cal. Civ. Code § 1761(b).

85.   VISA is a "person" as defined by Cal. Civ. Code § 1761(c).

86.   Plaintiff and the class members are "consumers" as defined by Cal. Civ. Code § 1761(d).

87.   Plaintiff and the class engaged in "transactions" as defined under Cal. Civ. Code § 1761(e).

CLASS ACTION COMPLAINT

88.     VISA's conduct violated and continues to violate the CLRA in at least the following respects:

a.     VISA represented to Plaintiff and class members that its Auto Rental CDW benefit had or has characteristics, uses or benefits which it does not have; specifically, that all vehicle rentals meeting the criteria set forth in the Auto Rental CDW Benefit Agreement would be eligible for coverage under the benefit, despite maintaining a secret policy of denying coverage for rentals made through Zipcar (violation of § 1770(a)(5) of the CLRA);

b.     VISA advertised its Auto Rental CDW benefit with the intent not to provide it as advertised; specifically, VISA advertised and promised that all vehicle rentals meeting the criteria set forth in the Auto Rental CDW Benefit Agreement would be eligible for coverage under the benefit, despite maintaining a secret policy of denying coverage for rentals made through Zipcar (violation of § 1770(a)(9) of the CLRA);

c.     VISA represented that a transaction with a VISA branded credit card confers or involves rights, remedies or obligations which it does not have or involve; specifically, that vehicles rented using a VISA branded credit card, and meeting the criteria set forth in the Auto Rental CDW Benefit Agreement, would be eligible for coverage under the benefit, despite maintaining a secret policy of denying coverage to rentals made through Zipcar (violation of § 1770(a)(14) of the CLRA); and

d.     VISA represented that its Auto Rental CDW benefit was and is supplied in accordance with the representations and agreements made in the Auto Rental

18

CDW Benefits Guide, when they have not; specifically, that vehicles rented using a VISA branded credit card, and meeting the criteria set forth in the Auto Rental CDW Benefit Agreement, would be eligible for coverage under the benefit, despite maintaining a secret policy of denying coverage to rentals made through Zipcar (violation of § 1770(a)(16) of the CLRA).

89.     VISA engaged in these unfair or deceptive practices with the intent that they result, and which did result, in the Plaintiff and class members obtaining accounts with VISA branded credit cards and/or using VISA branded credit cards for rentals through Zipcar. As a result of VISA's practices, Plaintiff and class members have been harmed and damaged as described above.

90.     VISA actively concealed and failed to disclose the true nature and characteristics of its Auto Rental CDW benefit in order to induce consumers to believe such claims and lead them to obtain accounts with VISA branded credit cards and/or use Visa branded credit cards for rentals through Zipcar to their detriment.

91.     The fact that VISA's policy is to deny Auto Rental CDW benefit claims made for vehicles rented through Zipcar is material in that a reasonable person would have considered it an important factor in their decision to obtain a VISA branded credit card and/or using a VISA branded credit card to rent a vehicle through Zipcar.

92.     As a result of VISA's acts and practices, Plaintiff, on behalf of himself and the class, seeks an order enjoining VISA from continuing to engage in unlawful, unfair or fraudulent practices, and any other act prohibited by law; an order enjoining VISA from maintaining  a policy that Zipcar rentals are not considered rental vehicles under the Auto Rental CDW Benefit Agreement; an order allowing class members to re-apply for the Auto

19

Rental CDW benefit if they were previously denied coverage based on the rental in question being made from Zipcar; an order requiring VISA to notify class member of the misrepresentation; and attorney's fees and costs and any other relief the Court deems proper.

### FIFTH CAUSE OF ACTION

(Violations of Cal. Bus. & Prf. Code §§ 17200, *et seq.*)

93.     Plaintiff, on behalf of himself and the members of each class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

94.     This claim is brought on behalf of Plaintiff, the Declaratory Relief Class and the Damages Class.

95.     VISA's practices as alleged in this complaint constitute unlawful, unfair and fraudulent practices under the Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL").

96.     VISA committed unlawful acts and practices by:

    a.     Engaging in conduct that violated the CLRA, Cal. Code §§ 1750, *et seq.*;

    b.     Engaging in conduct that violates the Federal Trade Commission Act, Section 5.

97.     VISA committed unfair business practices by:

    a.     Engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the classes;

    b.     Engaging in conduct, as alleged herein, that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the member of the classes;

20

c.   Engaging in conduct that undermines or violates the stated policies underlying the CLRA, the Federal Trade Commission Act, section 5, each of which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace, and thus provide a sufficient predicate for Plaintiff's claims for unfair business practices.

98.   VISA committed fraudulent business practices by engaging in conduct, as alleged herein, that was and is likely to deceive consumers acting reasonably under the circumstances. VISA's fraudulent practices include but are not limited to representing that vehicles rented using a VISA branded credit card, and meeting the criteria set forth in the Auto Rental CDW Benefit Agreement would be eligible for coverage under the benefit, when VISA had a policy to exclude vehicles rented through Zipcar.

99.   Plaintiff suffered injury and lost money as a result of VISA's unlawful, unfair and fraudulent act or practices in that, among other things, he was required to pay $721.70 in relation to a claim made under the Auto Rental CDW benefit that should have been paid for by VISA.

100.   The above-described unlawful, unfair and fraudulent business acts or practices conducted by VISA present and continue to present a threat and likelihood of harm and deception in that consumers are likely to believe Zipcar rentals made using a VISA branded credit card qualify for benefit under the Auto Rental CDW, when VISA has an internal policy that such rentals are not.

101.   The unlawful, unfair and fraudulent business acts or practices conducted by VISA continue to this day. VISA fails to publicly acknowledge the wrongful nature of its actions.

21

VISA has not corrected or publicly issued individual or comprehensive corrective notices to Plaintiff and class members or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by VISA as a result thereof.  Accordingly, Plaintiff seeks an order enjoining VISA from continuing and/or permitting such unfair, unlawful, and fraudulent business acts and practices, and an order providing restitution.  Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to Civ. Proc. §1021.5.

### **PRAYER FOR RELIEF**

WHEREFORE, on their own behalf and on behalf of the classes, Plaintiff demands judgment as follows:

A.  An Order certifying this action as a class action and appointing Plaintiff and his counsel to represent each class;

B.  An Order finding VISA has breached the Auto Rental CDW Benefit Agreement;

C.  An Order enjoining VISA from continuing and/or permitting such unfair, unlawful, and fraudulent business acts and practices;

D.  An Order providing restitution and disgorgement of profits related to the denial of Auto Rental CDW benefit for rentals made through Zipcar;

E.  An Order requiring VISA to consider Zipcar rentals as qualified rental vehicles under the Auto Rental CDW Benefit Agreement;

F.  An Order requiring VISA to compensate Plaintiff and the members of the Damage Class for actual damages suffered;

G.   Declaratory relief;

H.   Statutory prejudgment interest;

22

CLASS ACTION COMPLAINT

I.   Punitive damages as allowed;

J.   Plaintiffs' attorneys' fees and costs of suit;

K.   Such other and further relief as the Court deems just and proper.

DATED:  November 4, 2013                **MARSHALL LAW FIRM**


By:      */s/ Charles D. Marshall*
                 Charles D. Marshall

Attorney for Plaintiff RON DAVIS

23

CLASS ACTION COMPLAINT