1  RICHARD B. GOETZ (S.B. #115666)
   rgoetz@omm.com
2  JACLYN BLANKENSHIP (S.B. #267524)
   jblankenship@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, CA 90071-2899
   Telephone:    (213) 430-6000
5  Facsimile:    (213) 430-6407

6  MATTHEW D. POWERS (S.B. #212682)
   mpowers@omm.com
7  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
8  San Francisco, CA 94111-3823
   Telephone:    (415) 984-8700
9  Facsimile:    (415) 984-8701

10 Attorneys for Defendant
   VISA, INC.
11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14

15 RON DAVIS, an individual, on behalf of       Case No. 13-CV-5125-KAW
   himself and all others similarly situated,
16                                              **DEFENDANT VISA, INC.'S NOTICE OF**
                     Plaintiff,                 **MOTION AND MOTION TO DISMISS**
17                                              **AND/OR STRIKE FIRST AMENDED**
   v.                                           **COMPLAINT PURSUANT TO FED. R. CIV.**
18                                              **P. 9(b), 12(b)(6) AND 12(f);**
   VISA, INC., a Delaware Corporation,          **MEMORANDUM OF POINTS AND**
19                                              **AUTHORITIES IN SUPPORT THEREOF**
                     Defendant.
20                                              Hearing Date:    March 20, 2014
                                                Hearing Time:    11:00 a.m.
21
                                                Judge:           Hon. Westmore
22                                              FAC Filed:       Dec. 16, 2013
                                                Trial Date:      None set
23

24

25

26

27

28
                                                VISA, INC.'S  MOTION TO DISMISS AND
                                                MEM. OF P. & A. IN SUPPORT
                                                C 13-CV-5125-KAW

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 20, 2014 at 11:00 a.m., or as soon thereafter as this motion may be heard in the above-entitled court, located at 1301 Clay Street, Oakland, California, defendant VISA, Inc. ("VISA") will, and hereby does, move the Court for an order dismissing the claims set forth in the First Amended Complaint filed by Plaintiff Ron Davis ("Plaintiff") pursuant to Rules 9(b), 12(b)(6), and/or 12(f) of the Federal Rules of Civil Procedure.

Specifically, VISA seeks an order: (1) dismissing Plaintiff's Fourth and Fifth Causes of Action because they each sound in fraud and Plaintiff failed to plead any of them with the particularity required under Federal Rule of Civil Procedure 9(b), and because they otherwise fail to state a claim under Federal Rule of Civil Procedure 12(b)(6); (2) dismissing Plaintiff's First, Second, and Third Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (3) dismissing and/or striking Plaintiff's prayer for injunctive relief for lack of standing.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of Jaclyn Blankenship, the entire file in this matter, and such other matters, both oral and documentary, as may properly come before the Court.

Dated: January 15, 2014

RICHARD B. GOETZ
MATTHEW D. POWERS
JACLYN BLANKENSHIP
O'MELVENY & MYERS LLP

By: /s/ Jaclyn Blankenship
Jaclyn Blankenship
Attorneys for Defendant
VISA, Inc.

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ....................................................................................................... 1

II.    BACKGROUND ......................................................................................................... 3

III.   LEGAL STANDARD ................................................................................................ 5

IV.    ARGUMENT ............................................................................................................. 6

     A.     Plaintiff Fails To Plead Any Fraud-Based Claim Under the
            CLRA or UCL .................................................................................................. 6

     B.     Plaintiff Fails to State a Claim For Breach of Contract ....................... 7

          1.     Plaintiff Failed to Activate the Benefit ........................................ 8

          2.     Plaintiff Failed to Comply With Pre-Litigation
              Requirements .................................................................................. 9

     C.     Plaintiff's Declaratory Relief and Implied Covenant Claims are
            Superfluous ..................................................................................................... 11

     D.     Plaintiff's Remaining Claims Fail .......................................................... 12

          1.     The Auto CDW Benefit is Not a "Good" or "Service" as
              Defined by the CLRA ..................................................................... 12

          2.     Plaintiff's "Unlawful" and "Unfair" UCL Claims Both
              Fail ................................................................................................... 13

     E.     Plaintiff Lacks Standing to Seek Injunctive Relief ............................. 14

V.     CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ajib v. Fin. Assistance, Inc.,
   No. 1:13-cv-01451-LJO (SAB), 2013 U.S. Dist. LEXIS 145667 (E.D. Cal. Oct. 8,
   2013) ............................................................................................................................. 3, 13

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................................. 5

Augustine v. FIA Card Servs., N.A.,
   485 F. Supp. 2d 1172 (E.D. Cal. 2007) .............................................................................. 13

Balistreri v. Pacifica Police Dept.,
   901 F.2d 696 (9th Cir. 1988) ................................................................................................ 5

Bardin v. DaimlerChrysler Corp.,
   136 Cal. App. 4th 1255 (2006) ........................................................................................... 14

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................... 5, 9, 10

Cal-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.,
   20 Cal. 4th 163 (1999) ........................................................................................................ 13

Campbell v. Allstate Ins. Co.,
   No. 97-9426 CBM, 1998 WL 657488 (C.D. Cal. Aug. 6, 1998) ....................................... 2, 8

Campion v. Old Republic Home Prot. Co.,
   861 F. Supp. 2d 1139 (S.D. Cal. 2012) ......................................................................... 12, 15

Careau & Co. v. Sec. Pac. Bus. Credit,
   222 Cal. App. 3d 1371 (1990) ............................................................................. 2, 10, 11, 12

Castagnola v. Hewlett-Packard Co.,
   No. 11-cv-05772, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ....................................... 15

Cohen v. DIRECTV, Inc.,
   178 Cal. App. 4th 966 (2009) ............................................................................................... 7

Conder v. Homes Savings of Am.,
   680 F. Supp. 2d 1168 (C.D. Cal. 2010) ................................................................................ 3

Crimmins v. Ralph L. Smith Lumber Co.,
   163 Cal. App. 2d 406 (1958) .............................................................................................. 10

Cullen v. Netflix, Inc.,
   880 F. Supp. 2d. 1017 (N.D. Cal. 2012) ............................................................................... 7

Daugherty v. Am. Honda Motor Co.,
   144 Cal. App. 4th 824 (2006) ........................................................................................ 13, 14

- ii -

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*De La Torre v. Am. Red Cross*,
No. CV-13-04302 DDP (JEMx), 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013)...................... 11

*Deitz v. Comcast Corp.*,
No. C-06-06352 WHA, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ................................ 15

*Duarte & Witting, Inc. v. Universal Underwriters Ins. Co.*,
No. C-05-1315 MHP, 2006 U.S. Dist. LEXIS 52539 (N.D. Cal. July 28, 2006) ................... 11

*Edmunson v. Procter & Gamble Co.*,
No. 10-CV-2256-IEG (NLS), 2011 WL 1897625 (S.D. Cal. May 17, 2011)........................... 7

*Fairbanks v. Super. Ct.*,
46 Cal. 4th 56 (2009) ..................................................................................................... 12, 13

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993)................................................................................................. 6

*Garcia v. Sony Computer Entm't Am., LLC*,
859 F. Supp. 2d 1056 (N.D. Cal. 2012) ................................................................................. 7

*Gautier v. Gen. Tel. Co.*,
234 Cal. App. 2d 302 (1965)................................................................................................... 8

*Gest v. Bradbury*,
443 F.3d 1177 (9th Cir. 2006)............................................................................................... 15

*Ho v. Toyota Motor Corp.*,
931 F. Supp. 2d 987 (N.D. Cal. 2013) ................................................................................. 13

*Hoey v. Sony Elecs., Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) ............................................................................... 13

*Hood v. Super. Ct*,
33 Cal. App. 4th 319 (1995) ....................................................................................... 2, 11, 12

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ................................................................................... 8

*In re Firearm Cases*,
126 Cal. App. 4th 959 (2005) ............................................................................................... 14

*In re LinkedIn User Privacy Litig.*,
932 F. Supp. 2d 1089 (N.D. Cal. 2013) ................................................................................. 7

*Integrated Storage Consulting Servs., Inc., v. NetApp, Inc.*,
No. 5:12-CV-06209 (EJD), 2013 WL 3974537 (N.D. Cal. July 31, 2013) ........................... 11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)..................................................................................... 1, 5, 6, 7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ........................................................................................ 7

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................ 7

*Mazur v. eBay, Inc.*,
  No. C-07-03967 (MHP), 2008 WL 618988 (N.D. Cal. Mar. 4, 2008) .................... 6

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988)................................................................................ 5

*Noll v. eBay, Inc.*,
  282 F.R.D 462 (N.D. Cal. 2012) .......................................................................... 7

*O'Donnell v. Bank of Am., N.A.*,
  504 Fed. Appx. 566 (9th Cir. 2013) ............................................................... 3, 13

*Pirozzi v. Apple Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. 2012) ................................................................ 7

*Sateriale v. R.J. Reynolds Tobacco Co.*,
  697 F.3d 777 (9th Cir. 2012)................................................................................ 6

*Shoemaker v. County of Glenn*,
  No. 2:10-CV-01625 JAM (KJN), 2010 U.S. Dist. LEXIS 128827 (E.D. Cal. Nov. 22,
  2010) .................................................................................................................... 8

*Shroyer v. New Cingular Wireless Servs.*,
  606 F.3d 658 (9th Cir. 2010)................................................................................ 14

*Stephenson v. Neutrogena Corp.*,
  No. C 12-0426-PJH, 2012 WL 8527784 (N.D. Cal. July 27, 2012) ...................... 15

*Stickrath v. Globalstar, Inc.*,
  527 F. Supp. 2d 992 (N.D. Cal. 2007) ................................................................ 7

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003).............................................................................. 6

*Walsh v. Nev. Dep't of Human Res.*,
  471 F.3d 1033 (9th Cir. 2006).............................................................................. 15

*Wang v. OCZ Tech. Grp., Inc.*,
  276 F.R.D. 618 (N.D. Cal. 2011) ......................................................................... 15

*Young v. Wells Fargo & Co.*,
  671 F. Supp. 2d 1006 (S.D. Iowa 2009) .............................................................. 12

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

RULES

Fed. R. Civ. P. 9(b) .................................................................................. 5, 6, 7, 16

Fed. R. Civ. P. 12(b)(6)..................................................................................... 5

Fed. R. Civ. P. 12(f) ......................................................................................... 6

STATUTES

Cal. Bus. & Prof. Code § 17200 ....................................................................... 5

Cal. Civ. Code § 1750 ....................................................................................... 5

Cal. Civ. Code § 1761(a) ................................................................................. 12

Cal. Civ. Code § 1761(b) ................................................................................. 12

Cal. Civ. Code § 1770...................................................................................... 12

OTHER AUTHORITIES

Federal Trade Commission Act, §5 .................................................................. 13

William W. Schwarzer, et al.,
Cal. Practice Guide - Federal Civil Procedure Before Trial ¶ 10:13.5 (The Rutter
Group 2008) .................................................................................................. 11

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiff Ron Davis ("Plaintiff") alleges that Defendant VISA Inc., ("VISA") committed

4  "fraud" by providing a *free* benefit to VISA card members that, subject to certain terms and

5  conditions, provides reimbursement for damage to rental cars (the "Auto CDW Benefit" or

6  "Benefit").  (First Amended Complaint ("FAC") ¶¶ 2-3, 99.)  Here, Plaintiff contends that VISA

7  improperly rejected a claim under the Benefit for damage Plaintiff caused to a "Zipcar"—a

8  relatively new car-sharing service that is advertised as "an alternative to the costs and hassles of

9  owning or renting a car."  (*Id.* at ¶ 5; VISA's Request for Judicial Notice ("RJN") Ex. B.)  Zipcar

10  makes very clear on its own website that credit card company rental-car insurance policies may

11  *not* cover Zipcars,[1] and Plaintiff does not contend that he relied on a statement by VISA that his

12  use of a Zipcar would be covered by the Benefit.  Indeed, Plaintiff does not allege that he ever

13  saw any statements by VISA about the Benefit *at all*.  Nevertheless, Plaintiff contends that VISA

14  "had a [secret] policy to exclude vehicles rented through Zipcar," and that VISA committed fraud

15  (among other things) by "actively conceal[ing]" and "fail[ing] to disclose" this "secret" policy to

16  consumers.  (*Id.* ¶¶ 89, 99.)  All of Plaintiff's claims should be rejected as a matter of law.

17      ***Plaintiff's "fraud"-based claims all fail.***  Plaintiff's "fraud"-based claims (Counts Four

18  and Five, for violations of the CLRA and UCL, respectively) fail because Plaintiff does not allege

19  even the most basic facts to support his personal claims under those statutes.  Under both the

20  UCL and CLRA, Plaintiff is required (at a minimum) to plead and prove that he personally read

21  and relied on some specific statement by VISA that was false when it was made.  *Kearns v. Ford*

22  *Motor Co.*, 567 F.3d 1120, 1124-26 (9th Cir. 2009).  Other than a generic statement that Plaintiff

23  "completed the transaction with his Credit Card" (*id.* ¶ 32), Plaintiff provides literally no details

24

---

[1] *See, e.g.*, http://www.zipcar.com/how#faqs ("**Will my credit card cover my damage fee?**
Some credit cards, like American Express, include rental car insurance, which covers you when
you use a rental car. And while we're really not a rental car company, *sometimes* Zipcars fall
under this coverage. Give them a call to see if they'll cover you in a Zipcar. And note that
sometimes they only cover certain types of vehicles, like very basic models. If you are covered by
your credit card, make sure to use it to pay for your Zipcar reservations" (emphasis original).)
(RJN Ex. C at 4.)

25

26

27

28

about the supposed "fraud"—he never explains whether he even saw the Auto CDW Benefit (or any other document), much less that he actually relied on any statement by VISA or Zipcar before using a Zipcar.

***Plaintiff's contract claims all fail***.  Plaintiff's contract-based claims all fail because Plaintiff did not satisfy the necessary conditions to activate and substantiate the Auto CDW Benefit and cannot now do so.  *See Campbell v. Allstate Ins. Co.,* No. 97-9426 CBM (AJWX), 1998 WL 657488, at \*1 (C.D. Cal. Aug. 6, 1998) (no breach of contract claim where defendant's acts are consistent with the plain language of the contract).  Here, Plaintiff's breach of contract claim (Count One) fails because, even if the Benefit applies to Zipcars,[2] Plaintiff failed to take a key step to activate the Benefit under the plain terms of the agreement, and also failed to allege (and cannot allege) that he satisfied the Benefit's pre-litigation filing requirements.  Also, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and for declaratory relief (Counts Two and Three, respectively) are superfluous (and improper) because they are based on the same allegations and request for relief as Plaintiff's breach of contract claim.  *Careau & Co. v. Sec. Pac. Bus. Credit*, 222 Cal. App. 3d 1371, 1395 (1990) (implied covenant claim that duplicates breach of contract claim may be disregarded as superfluous); *Hood v. Super. Ct.,* 33 Cal. App. 4th 319, 324 (1995) (declaratory relief is superfluous where issues invoked in the declaratory relief claim are already fully engaged by other causes of action).

***Plaintiff's remaining claims also fail***.  Plaintiff's CLRA and UCL claims also suffer from a host of other problems.  Plaintiff's CLRA claim (Count Four) fails for the independent reason that the CLRA does not apply to insurance or credit transactions: neither the extension of credit, nor ancillary services, or indemnity contracts like the Auto CDW Benefit qualify as "goods" or "services" under the CLRA.  Any remaining UCL claims (Count Five) fail because Plaintiff has failed to state a claim under either the "unfair" or "unlawful" prong of the UCL.  Here, Plaintiff

---

[2] If this case proceeds, VISA expects to prove that services like Zipcar have a fundamentally different structure and business model than rental car companies and, accordingly, do not qualify as "rental car companies" under the Benefit.  However, for purposes of this Motion, VISA has assumed, for the moment, that Plaintiff's allegation that Zipcar qualifies as a "rental car company" is true.  As set out herein, even if Zipcar did qualify, Plaintiff's claims still fail.

1   has not alleged (nor could he allege) that VISA's conduct—excluding new services like Zipcar

2   from its *free* benefit—was "unfair" in any way.  Next, the "unlawful" claim fails because Plaintiff

3   has not pled a violation of any other law.  Breach of contract alone cannot form the basis of a

4   UCL claim, *Conder v. Homes Savings of Am.,* 680 F. Supp. 2d 1168, 1176 (C.D. Cal. 2010), and

5   as discussed above, Plaintiff has no claim under the CLRA.  Nor can Plaintiff use the FTCA to

6   manufacture a UCL claim.  *See O'Donnell v. Bank of Am., N.A.,* 504 Fed. Appx. 566, 568 (9th

7   Cir. 2013) (rejecting FTCA-based UCL claim because "[t]he federal statute doesn't create a

8   private right of action … and plaintiffs can't use California law to engineer one." (citations

9   omitted)); *Ajib v. Fin. Assistance, Inc.,* No. 1:13-cv-01451-LJO (SAB), 2013 U.S. Dist. LEXIS

10  145667, at *4 (E.D. Cal. Oct. 8, 2013) ("The protection against unfair practices provided for by

11  the FTCA does not give consumers a private right of action.").

12       Thus, the claims in Plaintiff's FAC all fail for multiple reasons.  According, VISA

13  requests that the Court enter an order dismissing the FAC in its entirety.

## II.   BACKGROUND

15       Plaintiff alleges that VISA offers an "Auto Rental Collision Damage Waiver - Personal"

16  (hereinafter "Auto CDW Benefit" or "Benefit") as a free benefit to all VISA card-members.

17  (FAC ¶¶ 13, 15.)  He alleges the Benefit is "supplemental to, and excess of, any valid and

18  collectible insurance from any other source," and that the Benefit "provides reimbursement for

19  damage due to collision or theft up to the actual cash value of most rental vehicles."  (*Id.* ¶ 17.)

20  According to Plaintiff, to activate the Benefit he was required to complete "the entire rental

21  transaction with [his] eligible VISA card and declin[e] the collision damage waiver (CDW)

22  coverage if offered by the rental company."  (*Id.* ¶ 18.)  Once "coverage [is] activated, VISA

23  states that the benefit covers costs for any theft or damage to the rental vehicle; [other types of

24  costs not applicable here]; and—if the cardholder has personal automobile insurance or other

25  insurance covering the theft or damage—the deductible portion of the insurance."  (*Id.* ¶ 19.)

26  Although Plaintiff fails to attach a copy of the Benefit to the FAC, he nevertheless alleges that the

27  Benefit does not exclude "rentals made through Zipcar, or other forms of hourly automobile

28  rentals."  (*Id.* ¶ 57.)

- 3 -

In the FAC, Plaintiff contends that on October 14, 2012, he "entered into a rental car transaction with Zipcar and completed the transaction with his [VISA] Card."  (*Id.* ¶ 32.) Plaintiff pleads very few facts about the nature of Zipcar's business and services.[3]  Yet he contends that "Zipcar is a car rental company," (*id.* ¶ 4) because "Zipcar customers neither have, nor share, any ownership rights in the vehicles of Zipcar's fleet."  (*Id.* ¶ 23.)  Plaintiff alleges that "Zipcar provides mandatory insurance as part of its rental price which the customer [cannot] decline" (*id.* ¶ 25), which has "a [$ 750] deductible the customer must satisfy before the insurance coverage will begin."  (*Id.* ¶¶ 27, 36.)  Zipcar offers "optional deductible insurance," to cover this amount, but Plaintiff alleges he declined the optional deductible insurance.  (*Id.* ¶ 33.)

While he was using his Zipcar, Plaintiff apparently damaged the vehicle to the tune of $721.70.  (*Id.* ¶¶ 32-36.)  Plaintiff  alleges he "made a timely claim for the $ 721.70" repair bill, (*id.* ¶ 37), and "satisfied all terms and conditions" in the Benefit, but that VISA denied his claim because (1) Zipcar is not a rental car company, and (2) Plaintiff's "declination of the optional deductible insurance did not satisfy the condition that the consumer qualify as 'decline the collision damage waiver (CDW) coverage if offered by the rental company.'"  (*Id.* ¶¶ 38-39.)

Plaintiff does not allege that he ever personally reviewed the terms of the Auto CDW Benefit, statements on VISA's website, or any other representations (by VISA, Zipcar, or anyone else) when he used his VISA card to sign up for Zipcar's services.  Also missing are any allegations that, had Plaintiff known that the Benefit did not cover Zipcars, he would have either paid for Zipcar's "optional deductible insurance" or not used his VISA card to secure a Zipcar. Nevertheless, Plaintiff contends that VISA "fraudulent[ly] . . represent[ed] that vehicles rented using a VISA branded credit card, and meeting the criteria set forth in the Auto Rental CDW Benefit Agreement would be eligible for coverage under the benefit, when VISA had a [secret] policy to exclude vehicles rented through Zipcar."  (*Id.* ¶ 99.)

---

[3] For example, Plaintiff never explains that in order to use Zipcar vehicles, one must apply for (and be accepted) into Zipcar membership; agree to pay annual membership fees relating to expected usage of Zipcar vehicles; and coordinate with other Zipcar members when reserving time for Zipcar vehicles.  (*See* RJN Ex. C at 2-3; Ex. D.)  In fact, Zipcar affirmatively states that it is "not a rental car company" on its own website.  (RJN Ex. C at 4.)

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW

1    Based on these allegations, Plaintiff asserts claims for violations of the Consumer Legal

2    Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and the Unfair Competition Law

3    ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  (*Id.* ¶ 6.)  He also asserts claims for breach of

4    contract, breach of covenant of good faith and fair dealing, and declaratory relief.  (*Id.*)  Plaintiff

5    seeks to certify four nationwide classes (two Declaratory Relief Classes and two Damages

6    Classes) consisting of all persons, entities, etc. who maintain a VISA card offering automobile

7    rental collision damage waiver and who (1) made a claim for damage to a Zipcar but (2) were

8    denied a claimed benefit because the Auto Rental CDW does not cover damages to Zipcars.  (*Id.*

9    ¶¶ 43-44.)

10   **III.    LEGAL STANDARD**

11       Motions to dismiss should be granted where, as here, the plaintiff has failed to state any

12   valid claim for relief.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate

13   where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged

14   under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

15   1988).  Plaintiff's complaint should be dismissed if it does not allege facts sufficient to make out

16   a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

17   While the Court must accept all well-pled ***facts*** as true, the Court need not assume the truth of

18   legal conclusions merely because they are pled in the form of factual allegations, *Ashcroft v.*

19   *Iqbal*, 556 U.S. 662, 677-79 (2009), and "conclusory allegations without more are insufficient to

20   defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d

21   802, 810 (9th Cir. 1988).

22       Next, CLRA and UCL claims based in fraud must also meet the heightened pleading

23   standards of Rule 9(b), which require Plaintiff to "state with particularity the circumstances

24   constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Rule 9(b) standard applies with equal

25   force to allegations of fraud by omission.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27

26   (9th Cir. 2009).  Under Rule 9(b), Plaintiff must plead the time, place, and content of the alleged

27   fraudulent representation or omission—"the who, what, when, where, and how"—as well as facts

28   demonstrating his reliance on the allegedly fraudulent conduct.  *Vess v. Ciba-Geigy Corp. USA*,

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)

1  317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *see also Kearns*, 567 F.3d at 1124; *Mazur*

2  *v. eBay, Inc.*, No. C-07-03967 (MHP), 2008 WL 618988, at *13 (N.D. Cal. Mar. 4, 2008) ("the

3  same level of specificity is required with respect to [pleading] reliance").

4          Finally, under Rule 12(f), the Court "may strike from a pleading an insufficient defense or

5  any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The

6  function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

7  from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v.*

8  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration

9  omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

10  **IV.    ARGUMENT**

11          **A.    Plaintiff Fails To Plead Any Fraud-Based Claim Under the CLRA or UCL**

12          Plaintiff's CLRA and UCL claims must be dismissed because Plaintiff has failed to allege

13  facts that could support those claims ***at all***, much with the heightened specificity required by Rule

14  9(b).[4]  Here, Plaintiff alleges that VISA "fraudulent[ly] . . . represent[ed]" the nature and

15  characteristics of the Benefit by "actively conceal[ing] and fail[ing] to disclose" that VISA

16  "secretly" excludes Zipcar vehicles from coverage—all to allegedly "induce consumers" to obtain

17  a VISA card or use it to secure a Zipcar vehicle.  (FAC ¶¶ 89, 99.)  Nowhere does Plaintiff allege

18  that he personally ever saw, read, or relied on the Auto Rental CDW—or any other statement—

19  before obtaining his VISA card or before using it to sign up for Zipcar's service.  Nor does

20  Plaintiff explain when or why he obtained a VISA card, how the card and the Benefit were

21  allegedly marketed to him (if at all) or what statements from Zipcar (if any) he read or relied on in

22  connection with the "rental transaction."  In short, Plaintiff fails to specifically identify the

23  circumstances of the alleged fraud—the who, where, what, when, and how of his claims—or his

24

25  [4] *Kearns*, 567 F.3d at 1126 (plaintiff failed to satisfy Rule 9(b) where he did not specify "when he
    was exposed to" the advertisements or sales materials, "which ones he found material," or "which
26  sales material he relied upon in making his [purchase] decision"); *see also Sateriale v. R.J.*
    *Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012) (where UCL and CLRA claims
27  sound in fraud, plaintiffs "are required to prove 'actual reliance on the allegedly deceptive or
    misleading statements,' . . . and that 'the misrepresentation was an immediate cause of [their]
28  injury-producing conduct'") (citations and internal quotation marks omitted ).

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)

1    alleged reliance on the fraudulent statements or omissions.  *See Kearns*, 567 F.3d at 1124-25

2    (applying Rule 9(b) to UCL "omissions" claims).

3            Plaintiff cannot manufacture a CLRA or UCL claim by contending that some supposedly

4    false statements were made to someone else.[5]  Since Plaintiff has failed to plead key elements of

5    his personal UCL and CLRA claims, those claims must be dismissed.  *Cullen v. Netflix, Inc.*, 880

6    F. Supp. 2d. 1017, 1022 (N.D. Cal. 2012); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992,

7    1001-02 (N.D. Cal. 2009) (dismissing UCL and CLRA claims where plaintiff failed to allege

8    reliance on alleged misrepresentations); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27

9    (2011) (actual reliance must be pled to state a UCL claim); *Cohen v. DIRECTV, Inc.*, 178 Cal.

10   App. 4th 966, 980 (2009) (actual reliance must be established for an award of damages under

11   CLRA).[6]

12         **B.   Plaintiff Fails to State a Claim For Breach of Contract**

13           Next, Plaintiff's contract claim should be dismissed because Plaintiff did not satisfy the

14

---

15   [5] *Garcia v. Sony Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012)
     ("Although the SAC generally asserts that the statements to be found on the PS3's packaging and

16   Sony's website are misleading and exemplary of defendants' deceptive marketing campaign . . . it
     does not specifically aver that [Plaintiff] relied on those particular statements, or even expressly

17   state that he was aware of them.  These omissions are fatal under Rule 9(b)."); *Noll v. eBay, Inc.*,
     282 F.R.D 462, 468 (N.D. Cal. 2012) (plaintiff "does not specify which exact misrepresentation

18   [he] relied on, whether that misrepresentation induced Plaintiff's decision to use GTC listings, or

19   whether Plaintiff would have acted differently had there been no misrepresentation."); *Edmunson
     v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, at *5 (S.D. Cal. May

20   17, 2011) (dismissing UCL and CLRA claims where "complaint contains general allegations
     about Defendant's products and advertising scheme, but almost no allegations specific to

21   Plaintiff"); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) ("Plaintiffs'

22   [UCL and CLRA] claims based on affirmative misrepresentations clearly fail to meet the pleading
     standards under Rule 9(b).  Although Plaintiffs identify specific comments from Defendant's

23   website . . . they fail to specify the time frame during which these comments appeared.").

24   [6] Since Plaintiff has failed to allege reliance *at all*, his claims also fail for lack of Article III and
     statutory standing.  *See, e.g.*, *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093

25   (N.D. Cal. 2013) (plaintiffs did "not even allege that they actually read the alleged
     misrepresentation . . . which would be necessary to support a claim of misrepresentation");

26   *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal. 2012) (no injury in fact for Article III

27   purposes where plaintiff alleged that she overpaid and/or purchased an Apple device based upon
     Apple's alleged misrepresentations, but failed to allege specifically which statements she found

28   material to her decision to purchase).

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW

1  necessary conditions to activate and substantiate the Benefit and cannot now do so.  To state a
2  claim for breach of contract, Plaintiff must allege (1) the existence of a contract; (2) plaintiff's
3  performance; (3) defendant's breach, including the terms of the contract; and (4) damages.  *See In*
4  *re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (citing *Gautier v. Gen.*
5  *Tel. Co.*, 234 Cal. App. 2d 302, 305 (1965)); *see Shoemaker v. County of Glenn*, No. 2:10-CV-
6  01625 JAM (KJN), 2010 U.S. Dist. LEXIS 128827, at *5 (E.D. Cal. Nov. 22, 2010) ("Resolution
7  of contractual claims on a motion to dismiss is proper if the terms of the contract are
8  unambiguous") (citations omitted); *see also Campbell v. Allstate Ins. Co.,* No. 97-9426 CBM
9  (AJWX), 1998 WL 657488, at *1 (C.D. Cal. Aug. 6, 1998) (granting a motion to dismiss a breach
10 of contract claim based on the plain language of the contract).

11         Here, Plaintiff cannot demonstrate either his performance under the Auto CDW Benefit or
12 that VISA breached any obligation to him.  Plaintiff failed to take the necessary steps to activate
13 the Benefit under the plain terms of the agreement, and does not allege (and cannot allege) that he
14 satisfied the pre-litigation requirements set out in the Benefit.

15             1.       **Plaintiff Failed to Activate the Benefit**

16         Assuming (for now) that Plaintiff's claim is actually covered under the Benefit, Plaintiff
17 fails to allege that he took the necessary steps to "activate th[at] benefit."  (RJN Ex. A at "**How**
18 **do I activate this benefit**?")  Two steps "must" be taken to activate the Benefit: "[(i)] Initiate and
19 complete the entire rental transaction with your eligible Visa card, and [(ii)] Decline the auto
20 rental company's collision damage waiver (CDW/LDW) option or similar provision."  (*Id.*)
21 While Plaintiff alleges he "completed" his rental car transaction with his VISA card, he fails to
22 allege that he "initiated" the transaction with it.  This omission is not trivial.  Zipcar members pay
23 fees under their annual, monthly or pay-as-you-go memberships, in addition to use fees that are
24 paid when a Zipcar is used.  (*See* RJN Ex. D.)  For Plaintiff to have "complete[d] the entire rental
25 transaction" with his Visa card, he would have had to use that card to both (1) sign up for Zipcar
26 and (2) pay Zipcar's per-use fees when he used the Zipcar at issue in this case.  (*See* RJN Ex. A at
27 "**How do I activate this benefit?**" ("For the benefit to be in effect, you ***must***:  ***Initiate*** and
28 complete the entire rental transaction with your eligible VISA card, and Decline the auto rental

VISA, INC.'S MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)

company's collision damage waiver (CDW/LDW) option or similar provision.") (emphasis added).)  Yet here, Plaintiff never alleges that he did so.

### 2.  **Plaintiff Failed to Comply With Pre-Litigation Requirements**

Next, Plaintiff's breach of contract claim should also be dismissed because he did not follow the necessary procedures set out in the Benefit to make out a claim—namely, the submission of all required documentation.  Here, Plaintiff generically alleges that he timely filed a claim.  (FAC ¶¶ 5, 37.)  But that generic boilerplate is insufficient.  Plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Specifically, Plaintiff has failed to allege (and, VISA suspects, cannot allege) that he submitted the following ***required*** documentation to substantiate his claim:

- "A copy of your receipt or monthly billing statement as proof that the entire vehicle rental was charged and paid for with your eligible Visa card;

- A statement from your insurance carrier (and/or your employer or employer's insurance carrier, if applicable) or other reimbursement showing the costs for which you are responsible and any amounts that have been paid toward the claim.  Or, if you have no applicable insurance or reimbursement, a notarized statement of no insurance or reimbursement is required.

- A copy of the declaration page from your automobile insurance carrier.

- A copy of the accident report form.

- A copy of the initial and final auto rental agreement(s); and

- A copy of the repair estimate or itemized repair bill."

(RJN Ex. A at "**How do I file a claim?**")  This information <u>must</u> be postmarked within 365 days of the date of the damage.  (*Id.*)  Failure to do this renders any otherwise covered claim ineligible under the Benefit.  (*Id.* at "**What is <u>not</u> covered?**" ([. . .] Theft or damage for which all required documentation has not been received within 365 days from the date of the incident"); *id.* at "**Additional Provisions for Auto Rental CDW**" ("No legal action for a claim may be brought against us until sixty (60) days after we receive Proof of Loss. . . . Further, no legal action may be

1   brought against us unless all the terms of this Guide to Benefit have been complied with fully.").)

2   Given that 365 days have passed since the Plaintiff's October 14, 2012 incident with the Zipcar

3   vehicle, his failure to comply excludes any possible claim under the Benefit.  Accordingly,

4   Plaintiff's complaint should be dismissed because he does not allege sufficient **facts** (as opposed

5   to conclusory boilerplate) to make out a claim that is "plausible on its face."  *Bell Atl. Corp. v.*

6   *Twombly*, 550 U.S. 544, 555 (2007).

7          Plaintiff's failure to submit these documents is not trivial—they are necessary and

8   material to VISA's evaluation of any claim.  For example, without the declaration page from the

9   card member's automobile insurance carrier and a statement from an insurance carrier showing

10   the costs the card member is responsible for (and what the insurance policy paid toward the

11   claim), VISA cannot determine whether the claim falls within the excess coverage provided by

12   the Benefit.  Similarly, without a copy of the rental agreement, VISA cannot determine the nature

13   of Plaintiff's relationship with Zipcar—and the exact nature of that relationship is obviously a key

14   aspect of Plaintiff's claims in this case.  Although the parties apparently disagree over whether

15   Zipcar qualifies as a "rental car company" under the Benefit, there can be no dispute that Zipcar's

16   subscription based car-sharing service is **not** a traditional rental car company.  Accordingly, the

17   precise nature of Plaintiff's agreement with Zipcar (*e.g.*, his membership agreement and any other

18   agreement relating to his use of Zipcar vehicles) is extremely important in this case—as just one

19   example, leases and mini-leases are **not** covered under the Benefit.  (*See* RJN Ex. A at "**What is**

20   **not covered**")

21          Because Plaintiff failed to satisfy these necessary preconditions, his breach of contract

22   claim must be dismissed.  *See Careau & Co. v. Sec. Pac. Bus. Credit*, 222 Cal. App. 3d 1371,

23   1389 (1990) ("Where contractual liability depends upon the satisfaction or performance of one or

24   more conditions precedent, the allegation of such satisfaction or performance is an essential part

25   of the cause of action."); *see also Twombly*, 550 U.S. at 555; *Crimmins v. Ralph L. Smith Lumber*

26   *Co.*, 163 Cal. App. 2d 406, 408-409 (1958) (sustaining demurrer to breach of contract claim

27   where "there has been a failure to allege facts showing that all of the conditions precedent to the

28   defendants' duty to discharge [employee under union agreement] have happened or have been

- 10 -

excused.").

**C.** **Plaintiff's Declaratory Relief and Implied Covenant Claims are Superfluous**

Plaintiff's breach of the implied covenant and his declaratory relief claims should be dismissed as "superfluous and improper" because the allegations for both claims "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action." *Careau,* 222 Cal. App. 3d at 1395 (dismissing breach of covenant of good faith and fair dealing);[7] *see also Hood v. Super. Ct.,* 33 Cal. App. 4th 319, 324 (1995) (holding that where "issues invoked in [the declaratory relief] cause of action already were fully engaged by other causes of action . . . declaratory relief was unnecessary and superfluous").[8] Here, Plaintiff alleges that "VISA's implementation of a policy to consider cars obtained through Zipcar as something other than car rentals under the Agreement violates the spirit of the Agreement and is intended to prevent . . . Plaintiff and class members who rent vehicles through Zipcar from receiving the benefit of the Auto Rental CDW." (FAC ¶ 67.) Plaintiff alleges this "violated the implied covenant of good faith and fair dealing" and entitled "Plaintiff . . . to a declaration that the Auto Rental CDW benefit in the Agreement covers vehicles rented through Zipcar[.] (*Id.* ¶¶ 68, 71; *see also id.* ¶ 78.) Those are substantially the same factual allegations (and requests for relief) that are made in Plaintiff's breach of contract claim. (*See id.* ¶¶ 59, 62.) Since Plaintiff's

---

[7] *See also De La Torre v. Am. Red Cross*, No. CV-13-04302 DDP (JEMx), 2013 WL 5573101, at *4 (C.D. Cal. Oct. 9, 2013) (dismissing plaintiff's breach of covenant of good faith and fair dealing claim because plaintiff's claim was based on the same allegations supporting the breach of contract claim and was thus superfluous of that claim); *Integrated Storage Consulting Servs., Inc., v. NetApp, Inc.*, No. 5:12-CV-06209 (EJD), 2013 WL 3974537, at *8 (N.D. Cal. July 31, 2013) (dismissing breach of the implied covenant of good faith and fair dealing claim because plaintiff "merely allege[d] that by breaching those contracts, Defendant also breached the implied covenant of good faith and fair dealing")

[8] *See also* William W. Schwarzer, et al., Cal. Practice Guide - Federal Civil Procedure Before Trial ¶ 10:13.5 (The Rutter Group 2008) ("where determination of a breach of contract claim [will] resolve any question regarding interpretation of the contract, there is no need for declaratory relief."); *Duarte & Witting, Inc. v. Universal Underwriters Ins. Co.,* No. C-05-1315 MHP, 2006 U.S. Dist. LEXIS 52539, at *34-35 (N.D. Cal. July 28, 2006) (holding that declaratory relief is not an available remedy when a dispute has matured into a breach of contract claim).

VISA, INC.'S MOTION TO DISMISS AND MEM. OF P. & A. IN SUPPORT C 13-CV-5125-KAW

allegations do not go beyond what is alleged in support of his breach of contract claim and expressly seek the same relief, his claims are superfluous and should be dismissed. *See Careau,* 222 Cal. App. 3d at 1395; *Hood,* 33 Cal. App. 4th at 324.

**D.** **Plaintiff's Remaining Claims Fail**

1. **The Auto CDW Benefit is Not a "Good" or "Service" as Defined by the CLRA**

Plaintiff's CLRA claim should also be dismissed because the Auto CDW Benefit is not a "good" or "service" covered by the CLRA. The CLRA prohibits unfair and deceptive practices undertaken by any person in a transaction intended to result in the sale or lease of "goods" or "services." Cal. Civ. Code § 1770. The statute defines "goods" as "tangible chattels" and "services" as "work, labor, and services . . . including services furnished in connection with the sale or repair of goods." Cal. Civ. Code §§ 1761(a), (b). However, the CLRA does not apply to intangible goods (like indemnity contracts) or to ancillary services provided in connection with an intangible good. *See Fairbanks v. Super. Ct.,* 46 Cal. 4th 56, 65 (2009) ("contractual obligation[s] to pay money" are not "tangible chattel[s]" or "services" that fall under CLRA, and "ancillary services . . . provided by the sellers of virtually all intangible goods" cannot be used "to bring intangible goods within the coverage of the [CLRA]"); *Young v. Wells Fargo & Co.,* 671 F. Supp. 2d 1006, 1025-26 (S.D. Iowa 2009) (dismissing CLRA claims against Wells Fargo arising out of its mortgage servicing activities that it offered to loan recipients to manage their mortgages); *Campion v. Old Republic Home Prot. Co.,* 861 F. Supp. 2d 1139, 1145 (S.D. Cal. 2012) (home warranty plans are "sufficiently analogous to insurance such that they are neither a 'good' nor a 'service,'" as defined by the CLRA.").

Because the Auto CDW Benefit is a promise, subject to certain terms and conditions, to pay for possible future damages arising out of Plaintiff's use of a covered rental car, it is an indemnity contract and not a "tangible chattel" or "service" under the CLRA. *See Fairbanks,* 46 Cal. 4th at 61. Moreover, Visa's Auto CDW Benefit is an otherwise *free* ancillary benefit to VISA cardholders, and as such it cannot be construed as a "service" covered by the CLRA. *See Fairbanks,* 46 Cal. 4th at 65; *see also Augustine v. FIA Card Servs., N.A.,* 485 F. Supp. 2d 1172,

1175 (E.D. Cal. 2007) (CLRA "do[es] not apply to credit card transactions.").  Plaintiff's CLRA

claims are thus barred as a matter of law.

### 2.    **Plaintiff's "Unlawful" and "Unfair" UCL Claims Both Fail**

Next, Plaintiff's allegations under the "unlawful" and "unfair" prongs of the UCL are also

defective because he has not pled (and cannot plead) that VISA's conduct was "unlawful" or

"unfair" in any actionable way.  First, because Plaintiff has not pled (and cannot plead) that

VISA's "business practice violated a predicate federal, state, or local law," his "unlawful" claims

fail.  *Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999-1000 (N.D. Cal. 2013), citing *Cal-Tech

Commc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Here, Plaintiff alleges that VISA's practices violated the CLRA and Section 5 of the

Federal Trade Commission Act ("FTCA").  (FAC ¶ 97.)  But as discussed above, Plaintiff has not

(and cannot) plead a CLRA violation (*see* Sections IV.A, IV.D.1, *supra*) and multiple courts have

rejected similar attempts to use the FTCA (which has no private right of action) to create a claim

under the  UCL.  *See O'Donnell v. Bank of Am., N.A.,* 504 Fed. Appx. 566, 568 (9th Cir. 2013)

(affirming dismissal of unfair competition claim premised on the alleged FTCA violation,

because "[t]he federal statute doesn't create a private right of action … and plaintiffs can't use

California law to engineer one." (citations omitted)); *Ajib v. Fin. Assistance, Inc.,* No. 1:13-cv-

01451-LJO (SAB), 2013 U.S. Dist. LEXIS 145667, at *3-4 (E.D. Cal. Oct. 8, 2013) ("The

protection against unfair practices provided for by the FTCA does not give consumers a private

right of action.").  Accordingly, Plaintiff has not and cannot allege the predicate violations for an

unlawful practices claim under the UCL.  *Hoey v. Sony Elecs., Inc.,* 515 F. Supp. 2d 1099, 1106

(N.D. Cal. 2007) (UCL claims predicated on other claims that were not adequately pled must be

dismissed); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 837 (2006) (because the

court rejected Daugherty's claims under the CLRA, he "cannot state a violation of the UCL under

the 'unlawful' prong predicated on a violation of either statute, as there were no violations").[9]

---

[9] Plaintiff's breach of contract claim also cannot serve as an independent predicate violation for
the "unlawful" prong of his UCL claim.  *See Shroyer v. New Cingular Wireless Servs.,* 606 F.3d
658, 666 (9th Cir. 2010), *amended on other grounds,* 622 F.3d 1035 (9th Cir. 2010) (an alleged
breach of contract "alone do[es] not amount to a violation of the 'unlawful' prong of the UCL …

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)

1    Second, VISA has not engaged in anything remotely approaching "unfair" conduct here.

2    While the precise definition of "unfair" in the consumer context is somewhat unsettled, the

3    conduct at issue must either (1) "offend[ ] an established public policy or . . . [be] immoral,

4    unethical, oppressive, unscrupulous or substantially injurious to consumers"; (2) be "'tethered' to

5    specific constitutional, statutory or regulatory provisions"; or (3) cause substantial consumer

6    injury that "is not outweighed by any countervailing benefits to consumers or to competition, and

7    is not an injury the consumers themselves could reasonably have avoided." *Bardin v.*

8    *DaimlerChrysler Corp*., 136 Cal. App. 4th 1255, 1262-63 (2006); *Daugherty*, 144 Cal. App. 4th

9    at 839, n.8.  Here, Plaintiff cannot allege that VISA's conduct is unfair when he himself failed to

10   allege that he viewed or relied on any representation by VISA—he cannot credibly allege he was

11   injured by a business practice he did not rely upon.  *See In re Firearm Cases*, 126 Cal. App. 4th

12   959, 981 (2005) ("unfairness" prong of the UCL requires proof of causation, *i.e.*, a "link between

13   a defendant's business practice and the alleged harm.")  Nor could VISA's alleged conduct

14   here—failing to disclose that car-sharing services like Zipcar are not covered under VISA's *free*

15   Auto CDW Benefit—possibly violate any definition of "unfair."  Indeed, Plaintiff does not even

16   attempt to allege any *facts* to support his conclusory allegations that VISA's conduct was

17   "unfair."  He does not (and cannot) identify any "constitutional, statutory or regulatory" provision

18   that VISA could possibly have violated, or articulate any basis to conclude that excluding Zipcar

19   from coverage under VISA's *free* Benefit was "immoral or unethical" or caused "substantial"

20   injury—particularly here, where Zipcar expressly informs its customers that credit card

21   companies' policies may *not* cover Zipcar vehicles.  (*See* RJN Ex. C at 4.)

22        **E.      Plaintiff Lacks Standing to Seek Injunctive Relief**

23        Last, Plaintiff's request for injunctive relief—including his demand that this Court

24   "enjoin[ ] VISA from continuing and/or permitting such unfair, unlawful, and fraudulent business

25   acts and practices," and "forc[e] VISA to allow Plaintiff and class members to reactivate or

26   resubmit their applications for coverage" (FAC ¶¶ 62, 102),—fails because he has not alleged

27   
28   "[i]n other words, a common law violation such as a breach of contract is insufficient" for a UCL claim under the "unlawful" prong).

- 14 -

1  (and could not credibly allege) that he is personally threatened by any repetition of the injury he

2  claims to have suffered.  To seek injunctive relief in federal court, Plaintiff must demonstrate that

3  he is "realistically threatened by a repetition of [the violation at issue]."  *Gest v. Bradbury*, 443

4  F.3d 1177, 1181 (9th Cir. 2006) (citations and emphasis omitted).

5        Plaintiff is already personally aware of VISA's supposedly "secret" policy to exclude

6  Zipcars from the Auto CDW Benefit.  He thus cannot possibly be deceived by any alleged

7  misrepresentations (affirmative or omissions) about the Auto CDW Benefit in the future.  *See,*

8  *e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (no standing for

9  injunctive relief where "no indication" of future harm); *Campion v. Old Republic Home Prot.*

10  *Co., Inc.,* 861 F. Supp. 2d 1139, 1149 (S.D. Cal. 2012) ("Article III imposes a jurisdictional

11  requirement that is more stringent than the UCL, and which, with respect to Plaintiff's claim for

12  injunctive relief, is not satisfied."); *Castagnola v. Hewlett-Packard Co.*, No. 11-cv-05772, 2012

13  WL 2159385, at *6 (N.D. Cal. June 13, 2012) (no standing to seek injunctive relief where there

14  plaintiff was now aware of defendant's allegedly deceptive practices to lure consumers into

15  enrolling in a fee-based website membership); *Stephenson v. Neutrogena Corp.*, No. C 12-0426-

16  PJH, 2012 WL 8527784, at *1 (N.D. Cal. July 27, 2012) (striking prayer for injunctive relief

17  where plaintiff did not allege that she would purchase products in the future).  Consequently,

18  Plaintiff's claims for injunctive relief should be stricken and/or dismissed.[10]

19  **V.**    **CONCLUSION**

20        For the reasons stated above, VISA respectfully requests that this Court (1) dismiss

21  Plaintiff's Fourth and Fifth Causes of Action for failure to comply with Rule 9(b), lack of Article

22  III and statutory standing, and failure to state a claim; (2) dismiss Plaintiff's Fourth Cause of

---

[10] Plaintiff's failure to allege facts sufficient to support his individual claim for injunctive relief likewise dooms his prayer for injunctive relief on behalf of the class.  *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011) ("Allegations that a defendant's continuing conduct subjects unnamed class members to the alleged harm is insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury."); *Deitz v. Comcast Corp.*, No. C-06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) (class averments did not cure the defect in plaintiff's complaint because "[u]nless the named plaintiff is himself entitled to seek injunctive relief, he 'may not represent a class seeking that relief.'") (quotations and citations omitted).

1    Action (CLRA claim) with prejudice for failing to state a claim as a matter of law; (3) dismiss

2    Plaintiff's First, Second, and Third Causes of Action, and any remaining claims in Plaintiff's

3    Fifth Cause of Action (unfair and unlawful practices) for failure to state a claim; and (4) dismiss

4    and/or strike Plaintiff's claims for injunctive relief for lack of standing.

5         Dated:  January  15, 2014

6                                              RICHARD B. GOETZ
                                               MATTHEW D. POWERS
7                                              JACLYN BLANKENSHIP
                                               O'MELVENY & MYERS LLP
8

9                                              By:  /s/ Jaclyn Blankenship
10                                                   Jaclyn Blankenship
                                               Attorneys for Defendant
11                                             VISA, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on January 15, 2014, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   e-mail addresses denoted on the Electronic Mail Notice List.

5

6       I certify under penalty of perjury under the laws of the United States of America that the

7   foregoing is true and correct.

8

9       Dated: January 15, 2014                    RICHARD B. GOETZ
                                                    MATTHEW D. POWERS
10                                                  JACLYN BLANKENSHIP
                                                    O'MELVENY & MYERS LLP
11

12                                                  By: _/s/ *Jaclyn Blankenship*_____
                                                        Jaclyn Blankenship
13                                                  Attorneys for Defendant
                                                    VISA, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-KAW)