1  RICHARD B. GOETZ (S.B. #115666)
   rgoetz@omm.com
2  JACLYN BLANKENSHIP (S.B. #267524)
   jblankenship@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, CA 90071-2899
   Telephone:     (213) 430-6000
5  Facsimile:     (213) 430-6407

6  MATTHEW D. POWERS (S.B. #212682)
   mpowers@omm.com
7  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
8  San Francisco, CA 94111-3823
   Telephone:     (415) 984-8700
9  Facsimile:     (415) 984-8701

10 Attorneys for Defendant
   VISA, INC.
11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15 RON DAVIS, an individual, on behalf of        Case No. 13-CV-5125-CRB
   himself and all others similarly situated,
16                                               **DEFENDANT VISA, INC.'S NOTICE OF**
                      Plaintiff,                 **MOTION AND MOTION TO DISMISS**
17                                               **AND/OR STRIKE SECOND AMENDED**
   v.                                            **COMPLAINT PURSUANT TO FED. R. CIV.**
18                                               **P. 9(b), 12(b)(6) AND 12(f);**
   VISA, INC., a Delaware Corporation,           **MEMORANDUM OF POINTS AND**
19                                               **AUTHORITIES IN SUPPORT THEREOF**
                      Defendant.
20                                               Hearing Date:      April 18, 2014
                                                 Hearing Time:      10:00 a.m.
21
                                                 Judge:             Hon. Charles R. Breyer
22                                               SAC Filed:         Feb. 28, 2014
                                                 Trial Date:        None set
23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 18, 2014 at 10:00 a.m., or as soon thereafter as this motion may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendant VISA, Inc. ("VISA") will, and hereby does, move the Court for an order dismissing the claims set forth in the Second Amended Complaint filed by Plaintiff Ron Davis ("Plaintiff") pursuant to Rules 9(b), 12(b)(6), and/or 12(f) of the Federal Rules of Civil Procedure.

Specifically, VISA seeks an order: (1) dismissing Plaintiff's Third Cause of Action because it sounds in fraud and Plaintiff failed to plead it with the particularity required under Federal Rule of Civil Procedure 9(b), and because it otherwise fails to state a claim under Federal Rule of Civil Procedure 12(b)(6); (2) dismissing Plaintiff's First and Second Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (3) dismissing and/or striking Plaintiff's prayer for injunctive relief for lack of standing.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of Jaclyn Blankenship, the entire file in this matter, and such other matters, both oral and documentary, as may properly come before the Court.

Dated: March 14, 2014

RICHARD B. GOETZ
MATTHEW D. POWERS
JACLYN BLANKENSHIP
O'MELVENY & MYERS LLP


By: /s/ Jaclyn Blankenship
Jaclyn Blankenship
Attorneys for Defendant
VISA, Inc.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 2

III. LEGAL STANDARD ......................................................................................................... 3

IV. ARGUMENT ...................................................................................................................... 4

    A. Plaintiff Fails to State a Claim for Any Violation of the UCL ............................. 4

        1. Plaintiff's "Fraudulent" UCL Claim Fails ................................................ 4

        2. Offering a Free Benefit is Not "Unfair" .................................................... 6

    B. Plaintiff Fails to State a Claim for Breach of Contract ........................................ 8

        1. Plaintiff Failed to Activate the Benefit ...................................................... 8

        2. Plaintiff Failed to Comply With Pre-Litigation Requirements .................. 9

    C. Plaintiff's Implied Covenant Claim is Superfluous ............................................ 11

    D. Plaintiff Lacks Standing to Seek Injunctive Relief ............................................ 12

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 3

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) .................................................................................. 3

*Bardin v. DaimlerChrysler Corp.*,
  136 Cal. App. 4th 1255 (2006) ........................................................................... 6, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 9, 10, 11

*Campbell v. Allstate Ins. Co.*,
  No. 97-9426 CBM, 1998 WL 657488 (C.D. Cal. Aug. 6, 1998) ......................... 2, 8

*Campion v. Old Republic Home Prot. Co., Inc.*,
  861 F. Supp. 2d 1139 (S.D. Cal. 2012) ................................................................ 12

*Careau & Co. v. Sec. Pac. Bus. Credit*,
  222 Cal. App. 3d 1371 (1990) .............................................................. 2, 10, 11, 12

*Castagnola v. Hewlett-Packard Co.*,
  No. 11-cv-05772, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ......................... 13

*Crimmins v. Ralph L. Smith Lumber Co.*,
  163 Cal. App. 2d 406 (1958) ................................................................................ 11

*Daniel v. Ford Motor Co.*,
  No. CIV 11-02890, 2013 U.S. Dist. LEXIS 80638 (E.D. Cal. June 7, 2013) .......... 5

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ................................................................................. 7

*Davis v. HSBC Bank Nev., N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ............................................................................. 7, 8

*De La Torre v. Am. Red Cross.*,
  No. CV-13-04302 DDP (JEMx), 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ..... 11

*Deitz v. Comcast Corp.*,
  No. C-06-06352 WHA, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ................ 13

*Edmunson v. Procter & Gamble Co.*,
  No. 10-CV-2256-IEG (NLS), 2011 WL 1897625 (S.D. Cal. May 17, 2011) .......... 6

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. 2010) .................................................................... 5

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................................ 4

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Garcia v. Sony Computer Entm't Am., LLC*,
   859 F. Supp. 2d 1056 (N.D. Cal. 2012) ................................................... 6

*Gest v. Bradbury*,
   443 F.3d 1177 (9th Cir. 2006) ............................................................... 12

*Guido v. L'Oreal, USA, Inc.*,
   No. 11-1067 CAS (JCx), 2013 U.S. Dist. LEXIS 16915 (C.D. Cal. Feb. 6, 2013) ................. 4

*Hood v. Superior Court*,
   33 Cal. App. 4th 319 (1995) ................................................................. 12

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) ....................................................... 8

*In re Firearm Cases*,
   126 Cal. App. 4th 959 (2005) ................................................................ 7

*In re LinkedIn User Privacy Litig.*,
   932 F. Supp. 2d 1089 (N.D. Cal. 2013) ...................................................... 6

*Integrated Storage Consulting Servs., Inc., v. NetApp, Inc.*,
   No. 5:12-CV-06209 (EJD), 2013 WL 3974537 (N.D. Cal. July 31, 2013) ......................... 12

*Jekowsky v. BMW of N. Am., LLC*,
   No. C 13-02158 JSW, 2013 U.S. Dist. LEXIS 175374 (N.D. Cal. Dec. 13, 2013) ................. 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................... 1, 3, 4

*Kwikset Corp. v. Superior Court.*,
   51 Cal. 4th 310 (2011) ...................................................................... 6

*Lozano v. AT&T Wireless Servs.*,
   504 F.3d 718 (9th Cir. 2007) ................................................................ 7

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ....................................................... 6

*Mazur v. eBay, Inc.*,
   No. C-07-03967 (MHP), 2008 WL 618988 (N.D. Cal. Mar. 4, 2008) .............................. 4

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ................................................................ 3

*McVicar v. Goodman Global, Inc.*,
   No. 13-1223-DOC (RNBx), 2014 U.S. Dist. LEXIS 26332 (C.D. Cal. Feb. 25, 2014) .............. 5

*Mirkin v. Wasserman*,
   5 Cal. 4th 1082 (1993) ................................................................ 1, 4, 5

1

## TABLE OF AUTHORITIES
(continued)

2

**Page(s)**

3

*Noll v. eBay, Inc.*,
   282 F.R.D 462 (N.D. Cal. 2012) ................................................................................ 6

4

*Pirozzi v. Apple Inc.*,
   913 F. Supp. 2d 840 (N.D. Cal. 2012) ...................................................................... 6

5

6

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   697 F.3d 777 (9th Cir. 2012)..................................................................................... 4

7

8

*Shoemaker v. County of Glenn*,
   No. 2:10-CV-01625 JAM (KJN), 2010 U.S. Dist. LEXIS 128827 (E.D. Cal. Nov. 22,
   2010) .......................................................................................................................... 8

9

10

*Stephenson v. Neutrogena Corp.*,
   No. C 12-0426-PJH, 2012 WL 8527784 (N.D. Cal. July 27, 2012) ........................ 13

11

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)................................................................................... 3

12

13

*Walsh v. Nev. Dep't of Human Res.*,
   471 F.3d 1033 (9th Cir. 2006)................................................................................... 12

14

*Wang v. OCZ Tech. Grp., Inc.*,
   276 F.R.D. 618 (N.D. Cal. 2011) .............................................................................. 12

15

16

**RULES**

Fed. R. Civ. P. 9(b) .......................................................................................................... 3,13

17

Fed. R. Civ. P. 12(b)(6).................................................................................................... 3

18

Fed. R. Civ. P. 12(f) ........................................................................................................ 4

19

20

21

22

23

24

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     <u>INTRODUCTION</u>**

3

Plaintiff Ron Davis ("Plaintiff") alleges that Defendant VISA Inc. ("VISA") committed

4

"fraud" because a free benefit that VISA provides to all cardholders did not cover damage

5

Plaintiff caused to a Zipcar—a relatively new car-sharing service that is advertised as "an

6

alternative to the costs and hassles of owning or renting a car."[1]  Under the terms of VISA's Auto

7

Rental Collision Damage Waiver-Personal benefit (the "Benefit"), VISA reimburses cardholders

8

for damages to "rental vehicles" that were rented using VISA cards.  (Second Amended

9

Complaint ("SAC") ¶¶ 2-3.)  Here, Plaintiff never saw the terms of the Benefit (much less relied

10

on them) before he used his VISA to pay for a Zipcar—and Zipcar makes very clear on its

11

website that credit card rental car benefits (like the Benefit) may ***not*** cover Zipcars.[2]

12

Nevertheless, Plaintiff contends that he "understood" that the Benefit would cover his Zipcar

13

(although he never identifies any basis for that "understanding") and argues that VISA should be

14

liable for breach of contract and for violating California's Unfair Competition Law (the "UCL")

15

because VISA "failed" to provide coverage it had allegedly "promised" him.

16

All of Plaintiff's claims fail as a matter of law.  Under the UCL, Plaintiff was required to

17

plead and prove that he either personally relied on some specific statement by VISA that was

18

false when it was made, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-26 (9th Cir. 2009), or

19

that VISA omitted a material fact that, had Plaintiff known of it, would have altered Plaintiff's

20

behavior.  *Mirkin v. Wasserman*, 5 Cal. 4th  1082, 1091-92 (1993).  But here, Plaintiff never does

21

so.  Plaintiff does not allege that he ever read the Benefit (or saw ***any*** statements by VISA about

22

the Benefit) before paying for the Zipcar—and Plaintiff cannot possibly claim that VISA should

23

---

24

[1] *See* VISA's Request for Judicial Notice ("RJN") Ex. B (excerpts from Zipcar's website).

[2] *See, e.g.*, http://www.zipcar.com/how#faqs ("**Will my credit card cover my damage fee?**

25

Some credit cards, like American Express, include rental car insurance, which covers you when

you use a rental car. And while we're really not a rental car company, *sometimes* Zipcars fall

26

under this coverage. Give them a call to see if they'll cover you in a Zipcar. And note that

sometimes they only cover certain types of vehicles, like very basic models. If you are covered by

27

your credit card, make sure to use it to pay for your Zipcar reservations" (emphasis in original).)

(RJN Ex. C at 4.)

28

be liable for "omitting" something from a document that Plaintiff never even saw.

Next, Plaintiff's breach of contract claim fails because Plaintiff did not satisfy the necessary conditions to activate and substantiate the Benefit and cannot now do so.  *See Campbell v. Allstate Ins. Co.,* No. 97-9426 CBM (AJWX), 1998 WL 657488, at *1 (C.D. Cal. Aug. 6, 1998) (no breach of contract claim where defendant's acts are consistent with the plain language of the contract).  Even if the Benefit applies to Zipcars,[3] Plaintiff failed to take a key step to activate the Benefit under the plain terms of the agreement, and also failed to allege (and cannot allege) that he satisfied the Benefit's pre-litigation filing requirements.  Finally, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is superfluous and improper because it is based on the same allegations and request for relief as Plaintiff's breach of contract claim.  *Careau & Co. v. Sec. Pac. Bus. Credit*, 222 Cal. App. 3d 1371, 1395 (1990) (implied covenant claim that duplicates breach of contract claim may be disregarded as superfluous).

This is now Plaintiff's third attempt to state a claim in this case.  Yet he still fails to allege the facts that are necessary to support his claims.  Since Plaintiff apparently cannot do so, VISA requests that the Court dismiss Plaintiff's SAC, with prejudice and in its entirety.

## II.  **BACKGROUND**

Although he alleges that VISA "misled" him, Plaintiff fails to allege that he ever read the Benefit and does not contend that he relied on any specific statement, by VISA or anyone else, when he signed up for either his VISA card or for Zipcar's services.  Instead, Plaintiff simply alleges that on October 14, 2012, he "entered into a rental car transaction with Zipcar, initiating and completing the transaction with his [VISA] Card."  (*Id.* ¶ 32.)  While Plaintiff pleads very few facts about Zipcar's service,[4] he nevertheless contends that "Zipcar is a car rental company"

---

[3] For purposes of this Motion to Dismiss, VISA has assumed that membership-based services like Zipcar can qualify as car "rental" companies under the Benefit.  Although VISA expects to dispute that issue if the case proceeds, Plaintiff's claims as set out below still fail as a matter of law even if Zipcars do qualify for coverage under the Benefit.

[4] For example, Plaintiff never explains that in order to use Zipcar vehicles, one must apply for (and be accepted) into Zipcar membership; agree to pay annual (or monthly) membership fees relating to expected usage of Zipcar vehicles; and coordinate with other Zipcar members when reserving time for Zipcar vehicles.  (*See* RJN Ex. C at 2-3; Ex. D.)  In fact, Zipcar affirmatively states that it is "not a rental car company" on its own website.  (RJN Ex. C at 4.)

1  (and thus, according to Plaintiff, covered under the Benefit) because "Zipcar customers neither

2  have, nor share, any ownership rights in the vehicles of Zipcar's fleet."  (*Id.* ¶ 23.)  In any event,

3  according to the complaint, after Plaintiff caused approximately $721.70 worth of damage to the

4  vehicle, he "timely initiated [a] claim" (*id.* ¶ 40) under the Benefit that VISA then denied.  (*Id.*

5  ¶¶ 42-43.)

6          Based on these allegations, Plaintiff asserts claims for violations of the UCL, breach of

7  contract, and breach of covenant of good faith and fair dealing.  (*Id.* ¶ 6.)  Plaintiff seeks to certify

8  two nationwide classes (Declaratory Relief Class and a Damages Class) consisting of all persons,

9  entities, etc. who maintain a VISA card offering automobile rental collision damage waiver and

10  who (1) made a claim for damage to a Zipcar but (2) were denied a claimed benefit because the

11  Auto Rental CDW does not cover damages to Zipcars.  (*Id.* ¶¶ 48-49.)

12  **III.    LEGAL STANDARD**

13          Motions to dismiss should be granted where, as here, the plaintiff has failed to state any

14  valid claim for relief.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate

15  where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged

16  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

17  1988).  And while the Court must accept all well-pled ***facts*** as true, the Court need not assume the

18  truth of legal conclusions merely because they are pled in the form of factual allegations.

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).  In fact, "conclusory allegations without more are

20  insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem.*

21  *Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

22          In addition, for claims that "sound in fraud," such as the UCL claim at issue here, Plaintiff

23  is required to plead "with particularity the circumstances constituting fraud or mistake."  Fed. R.

24  Civ. P. 9(b).  Rule 9(b) applies with equal force to allegations of fraud by omission,  *Kearns v.*

25  *Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009), and under Rule 9(b), Plaintiff must

26  plead the time, place, and content of the alleged fraudulent representation or omission—"the who,

27  what, when, where, and how"—as well as facts demonstrating his reliance on the allegedly

28  fraudulent conduct.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

1   omitted); *see also Kearns*, 567 F.3d at 1124; *Mazur v. eBay, Inc.*, No. C-07-03967 (MHP), 2008

2   WL 618988, at *13 (N.D. Cal. Mar. 4, 2008) ("the same level of specificity is required with

3   respect to [pleading] reliance").

4           Finally, under Rule 12(f), the Court "may strike from a pleading an insufficient defense or

5   any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The

6   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

7   from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Fantasy, Inc. v.*

8   *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration

9   omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

10  **IV.    ARGUMENT**

11          **A.    Plaintiff Fails to State a Claim for Any Violation of the UCL**

12                 1.    **Plaintiff's "Fraudulent" UCL Claim Fails**

13          Plaintiff's UCL claim must be dismissed because Plaintiff never even saw the Benefit,

14  much less "relied" on the Benefit's language.  Here, Plaintiff was required (at a minimum) to

15  plead and prove that he personally read and relied on some specific statement by VISA that was

16  false when it was made, or that VISA omitted a material fact that, had Plaintiff known of it,

17  would have altered Plaintiff's behavior.  *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1091-92

18  (1993); *Kearns*, 567 F.3d at 1126 (plaintiff failed to specify "when he was exposed to" the

19  advertisements or sales materials, "which ones he found material," or "which sales material he

20  relied upon in making his [purchase] decision").  Simply alleging "exposure" to an allegedly false

21  statement is not enough—Plaintiff must plead and prove actual reliance.  *See Sateriale v. R.J.*

22  *Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012) (plaintiffs "are required to prove

23  'actual reliance on the allegedly deceptive or misleading statements,' . . . and that 'the

24  misrepresentation was an immediate cause of [their] injury-producing conduct'") (citations and

25  internal quotation marks omitted ); *Guido v. L'Oreal, USA, Inc.*, No. 11-1067 CAS (JCx), 2013

26  U.S. Dist. LEXIS 16915, at *21-22 (C.D. Cal. Feb. 6, 2013 ("Under California law, an omission

27  can only provide the basis for a claim of fraudulent or deceptive conduct [under the UCL] if it is

28  material, which occurs when a plaintiff can allege that, had the omitted information been

1    disclosed, one would have been aware of it and behaved differently.") (internal citations omitted);

2    *Mirkin*, 5 Cal. 4th at 1091-92 (same).  Thus, to proceed on a UCL claim, Plaintiff must allege

3    facts showing either (1) he relied on a specific statement by VISA in (or about) the Benefit or (2)

4    that if the Benefit had included a specific disclaimer about Zipcars, he would have read that

5    disclaimer and altered his behavior.

6            Plaintiff fails to make the required allegations.  To be sure, Plaintiff alleges that VISA

7    "fraudulent[ly] . . . represent[ed]" the nature and characteristics of the Benefit by failing to "make

8    any disclaimer or exclusion for rentals made through Zipcar."  (SAC ¶ 3.)  But nowhere does

9    Plaintiff allege that ***he*** personally ever saw the Benefit—or any other relevant statement by

10   VISA—before obtaining his VISA card or before using it to sign up for a Zipcar.  Nor does

11   Plaintiff explain when or why he obtained a VISA card, how the card and the Benefit were

12   allegedly marketed to him (if at all) or what statements from Zipcar (if any) he read or relied on in

13   connection with the "rental transaction."  Despite the fact that Plaintiff is now on his ***second***

14   amended complaint, Plaintiff still fails to allege that if the Benefit had included some kind of

15   "Zipcar disclaimer" he would have seen that "disclaimer" and changed his behavior accordingly.

16   *See Ehrlich v. BMW of N. Am.*, LLC, 801 F. Supp. 2d 908, 920 (C.D. Cal. 2010) (dismissing

17   omission claims because plaintiff failed to allege how he would have been aware of any

18   disclosures that defendant could have made).[5]

19           Plaintiff cannot evade the UCL's reliance requirement by contending that he had some

20   amorphous "awareness" of the Benefit and its terms.  California law is clear that UCL claims

21

22   [5] *See also McVicar v. Goodman Global, Inc.*, No. 13-1223-DOC (RNBx), 2014 U.S. Dist. LEXIS
     26332, at *15-16 (C.D. Cal. Feb. 25, 2014) (plaintiffs made "absolutely no allegation that they or
23   their contractor checked [defendant's] website or saw any [of defendant's] advertisement[,] . . .
     [or] even allege that when purchasing the product, the contractor looked at any packaging or
24   labeling that would have contained the omitted information."); *Daniel v. Ford Motor Co.*, No.
     CIV 11-02890, 2013 U.S. Dist. LEXIS 80638, at *12-13 (E.D. Cal. June 7, 2013) ("[A] plaintiff's
25   claim must fail when he never viewed a website, advertisement, or other material that could
     plausibly contain  the allegedly omitted fact."); *Jekowsky v. BMW of N. Am., LLC*, No. C 13-
26   02158 JSW, 2013 U.S. Dist. LEXIS 175374, at *17 (N.D. Cal. Dec. 13, 2013) (plaintiff failed to
     allege "any facts which, if true, would support an inference that he would have been aware of the
27   disclosure" that plaintiff claimed should have been made).

28

VISA, INC.'S MOTION TO DISMISS AND
                                                                        MEM. OF P. & A. IN SUPPORT
                                                                        C 13-CV-5125-CRB

1  cannot be based on purported "misrepresentations" the plaintiff never actually saw.  *See, e.g., In*

2  *re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013) (plaintiffs did "not

3  even allege that they actually read the alleged misrepresentation . . . which would be necessary to

4  support a claim of misrepresentation").[6]  In short, reliance is a key element of Plaintiff's UCL

5  claims, and his failure to plead reliance means that his claim must be dismissed. *Marolda v.*

6  *Symantec Corp.*, 672 F. Supp. 2d 992, 1001-02 (N.D. Cal. 2009) (dismissing UCL claims where

7  plaintiff failed to allege reliance on alleged misrepresentations); *Kwikset Corp. v. Superior Court*,

8  51 Cal. 4th 310, 326-27 (2011) (actual reliance must be pled to state a UCL claim).[7]

9  ## 2.    Offering a Free Benefit is Not "Unfair"

10  VISA has not engaged in anything that could qualify as "unfair" conduct.  While the

11  precise definition of "unfair" in the consumer context is somewhat unsettled, the conduct at issue

12  must either (1) "offend[ ] an established public policy or . . . [be] immoral, unethical, oppressive,

13  unscrupulous or substantially injurious to consumers"; (2) be "'tethered' to specific

14  constitutional, statutory or regulatory provisions"; or (3) cause substantial consumer injury that

15  "is not outweighed by any countervailing benefits to consumers or to competition, and is not an

16  injury the consumers themselves could reasonably have avoided."  *Bardin v. DaimlerChrysler*

17  ---

[6] *See also Garcia v. Sony Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal.
18  2012) ("Although the SAC generally asserts that the statements to be found on the PS3's
    packaging and Sony's website are misleading and exemplary of defendants' deceptive marketing
19  campaign . . . it does not specifically aver that [Plaintiff] relied on those particular statements, or
    even expressly state that he was aware of them.  These omissions are fatal under Rule 9(b).");
20  *Noll v. eBay, Inc.*, 282 F.R.D 462, 468 (N.D. Cal. 2012) (plaintiff "does not specify which exact
    misrepresentation [he] relied on, whether that misrepresentation induced Plaintiff's decision to
21  use GTC listings, or whether Plaintiff would have acted differently had there been no
    misrepresentation."); *Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011
22  WL 1897625, at *5 (S.D. Cal. May 17, 2011) (dismissing UCL claims where "complaint contains
    general allegations about Defendant's products and advertising scheme, but almost no allegations
23  specific to Plaintiff").

24  [7] Since Plaintiff has failed to allege reliance *at all*, his claims also fail for lack of Article III and
25  statutory standing.  *See, e.g.*, *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093
    (N.D. Cal. 2013) (plaintiffs did "not even allege that they actually read the alleged
26  misrepresentation . . . which would be necessary to support a claim of misrepresentation");
    *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal. 2012) (no injury in fact for Article III
27  purposes where plaintiff failed to allege specifically which statements she found material to her
28  decision to purchase).

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

1   *Corp.*, 136 Cal. App. 4th 1255, 1262-63 (2006); *Daugherty v. Am. Honda Motor Co.*, 144 Cal.

2   App. 4th 824, 839 n.9 (2006); *but see Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 736 (9th

3   Cir. 2007) ("declin[ing] to apply the FTC standard [to consumer cases] in the absence of a clear

4   holding from the California Supreme Court.").

5        Plaintiff fails to state a claim under any of those definitions.  As discussed above,

6   Plaintiff's "fraudulent" UCL claim fails because he does not allege he relied on any statement by

7   VISA.  Except for that alleged "fraud," there is no possible basis to conclude that VISA's conduct

8   here—excluding car-sharing services like Zipcar from a Benefit VISA provides ***for free***[8]—is

9   "unfair" under any definition.  Plaintiff does not (and cannot) identify any "constitutional,

10  statutory or regulatory" provision that VISA's "conduct" could possibly have violated, or

11  articulate any basis to conclude that excluding Zipcars was "immoral or unethical" or caused

12  "substantial" injury to anyone—particularly here, where Zipcar expressly informs its customers

13  that credit card companies' policies may ***not*** cover Zipcar vehicles. (*See* RJN Ex. C at 4.)

14  Because Plaintiff alleges "no factual allegations to support the claim that the omission [of a

15  specific disclaimer for Zipcars in the Benefit] threatens to violate the letter, policy, or spirit of the

16  antitrust laws, or that it harms competition," his "unfair" UCL claim fails as a matter of law.

17  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012) (affirming holding that

18  omission of Best Buy credit card's annual fee in its advertisements was not unfair practice under

19  *Cel-Tech* or the balancing approach, especially where the advertisements put consumers on alert

20  that restrictions apply).

21       Moreover, even if Plaintiff had identified conduct that could qualify as "unfair" (which he

22  has not), Plaintiff's "unfair" UCL claim would still fail because, as discussed above, Plaintiff has

23  not alleged that he would have changed his conduct in any meaningful way if the Benefit had

24  included a "Zipcar disclaimer."  *See In re Firearm Cases*, 126 Cal. App. 4th 959, 981 (2005)

25  ("unfairness" prong of the UCL requires proof of causation, *i.e.*, a "link between a defendant's

26  business practice and the alleged harm."); *see also Davis*, 691 F.3d at 1170 ("[W]e must conclude

---

[8] While certain VISA cards require annual fees, the Benefit is provided free of charge to all VISA cardholders, even those that do not charge annual fees.

VISA, INC.'S MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

that any harm [Plaintiff] suffered was the product of his own behavior [i.e., not reading the terms and conditions], not the [alleged omission].")  Plaintiff's "unfair" claim should thus be dismissed with prejudice.[9]

### B.   Plaintiff Fails to State a Claim for Breach of Contract

Next, Plaintiff's breach of contract claim should be dismissed because Plaintiff did not satisfy the necessary conditions to activate and substantiate the Benefit—and cannot do so now. To state a claim for breach of contract, Plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach, including the terms of the contract; and (4) damages.  *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (citing *Gautier v. Gen. Tel. Co.*, 234 Cal. App. 2d 302, 305 (1965)); *see Shoemaker v. County of Glenn*, No. 2:10-CV-01625 JAM (KJN), 2010 U.S. Dist. LEXIS 128827, at *5 (E.D. Cal. Nov. 22, 2010) ("Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous") (citations omitted); *see also Campbell v. Allstate Ins. Co.,* No. 97-9426 CBM (AJWX), 1998 WL 657488, at *1 (C.D. Cal. Aug. 6, 1998) (granting a motion to dismiss a breach of contract claim based on the plain language of the contract).

Here, Plaintiff cannot demonstrate either his performance under the Benefit or that VISA breached any obligation to him.  Plaintiff failed to take the necessary steps to activate the Benefit under the plain terms of the agreement, and does not allege (and cannot allege) that he satisfied the pre-litigation requirements set out in the Benefit.

### 1.   Plaintiff Failed to Activate the Benefit

Assuming (for now) that Plaintiff's claim is actually covered under the Benefit, Plaintiff fails to allege that he took the necessary steps to "activate th[at] benefit" as required by the Benefit itself.  (RJN Ex. A at "**How do I activate this benefit**?")  Two steps "must" be taken to activate the Benefit: "[(i)] Initiate and complete the entire rental transaction with your eligible Visa card, and [(ii)] Decline the auto rental company's collision damage waiver (CDW/LDW) option or similar provision."  (*Id.*)  While Plaintiff alleges he "initiat[ed] and complet[ed]" his

---

[9] Plaintiff does not contend that VISA's conduct was "unlawful" under the UCL.  (*See* SAC ¶ 80.)

VISA, INC.'S  MOTION TO DISMISS AND MEM. OF P. & A. IN SUPPORT C 13-CV-5125-CRB

rental car transaction with his VISA card (SAC ¶ 37), he fails to allege that he used his VISA card when he signed up to become a Zipcar member.  This omission is not trivial.  Zipcar members pay fees under their annual, monthly or pay-as-you-go memberships, in addition to fees that are paid when a Zipcar is actually used.  (*See* RJN Ex. D.)  For Plaintiff to have "complete[d] the entire rental transaction" with his Visa card, he would have had to use that card to both (1) sign up for a Zipcar membership and (2) pay Zipcar's per-use fees when he used the Zipcar at issue in this case.  (*See* RJN Ex. A at "**How do I activate this benefit?**" ("For the benefit to be in effect, you ***must***:  ***Initiate*** and complete the ***entire*** rental transaction with your eligible VISA card, and Decline the auto rental company's collision damage waiver (CDW/LDW) option or similar provision.") (emphasis added).)  Yet here, Plaintiff never alleges that he pays his membership dues with his VISA.

### 2.  Plaintiff Failed to Comply With Pre-Litigation Requirements

Plaintiff's contract claim should also be dismissed because he did not follow the necessary procedures set out in the Benefit to make out a claim—namely, the submission of all required documentation.  Plaintiff generically alleges that he timely filed a claim and that he "satisfied all terms and conditions to activate the [Benefit]."  (SAC ¶¶ 40, 44.)  That generic boilerplate is insufficient.  Plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Specifically, Plaintiff has failed to allege (and, VISA suspects, cannot allege) that he submitted the following ***required*** documentation to substantiate his claim:

- "A copy of your receipt or monthly billing statement as proof that the entire vehicle rental was charged and paid for with your eligible Visa card;

- A statement from your insurance carrier (and/or your employer or employer's insurance carrier, if applicable) or other reimbursement showing the costs for which you are responsible and any amounts that have been paid toward the claim.  Or, if you have no applicable insurance or reimbursement, a notarized statement of no insurance or reimbursement is required.

- A copy of the declaration page from your automobile insurance carrier.

- A copy of the accident report form.

- A copy of the initial and final auto rental agreement(s); and

- A copy of the repair estimate or itemized repair bill."

(RJN Ex. A at "**How do I file a claim?**")  This information <u>must</u> be postmarked within 365 days of the date of the damage.  (*Id.*)  Failure to do this renders any otherwise covered claim ineligible under the Benefit.  (*Id.* at "**What is <u>not</u> covered?**" ([. . .] Theft or damage for which all required documentation has not been received within 365 days from the date of the incident"); *id.* at "**Additional Provisions for Auto Rental CDW**" ("No legal action for a claim may be brought against us until sixty (60) days after we receive Proof of Loss. . . . Further, no legal action may be brought against us unless all the terms of this Guide to Benefit have been complied with fully.").)  Given that 365 days have passed since the Plaintiff's October 14, 2012 accident, his failure to comply excludes any possible claim under the Benefit.  Accordingly, Plaintiff's complaint should be dismissed because he does not allege sufficient *facts* (as opposed to conclusory boilerplate) to make out a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's failure to submit these documents cannot be "excused"—the materials are necessary and material to VISA's evaluation of any claim.  For example, without a copy of the rental agreement, VISA cannot determine the nature of Plaintiff's relationship with Zipcar—and the exact nature of that relationship is obviously a key aspect of Plaintiff's claims in this case.  Although the parties disagree over whether Zipcar qualifies as a "rental car company" under the Benefit, there can be no dispute that Zipcar's subscription-based car-sharing service is *not* a traditional rental car company.  Accordingly, the precise nature of Plaintiff's agreement with Zipcar (*e.g.*, his membership agreement and any other agreement relating to his use of Zipcar vehicles) is extremely important in this case—as just one example, leases and mini-leases are *not* covered under the Benefit.  (*See* RJN Ex. A at "**What is <u>not</u> covered**".)  Because Plaintiff failed to satisfy these necessary preconditions, his breach of contract claim must be dismissed.  *See Careau & Co. v. Sec. Pac. Bus. Credit*, 222 Cal. App. 3d 1371, 1389 (1990) ("Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

1   allegation of such satisfaction or performance is an essential part of the cause of action."); *see*

2   *also Twombly*, 550 U.S. at 555; *Crimmins v. Ralph L. Smith Lumber Co.*, 163 Cal. App. 2d 406,

3   408-409 (1958) (sustaining demurrer to breach of contract claim where "there has been a failure

4   to allege facts showing that all of the conditions precedent to the defendants' duty to discharge

5   [employee under union agreement] have happened or have been excused.").

6          The fact that VISA denied Plaintiff's claim does not excuse Plaintiff from his

7   responsibility to submit the required documentation.  (*See* SAC ¶ 41.)  The Benefit clearly

8   anticipates that cardholders may disagree with VISA's claims' determinations, but nevertheless

9   expressly requires that claimants submit the required documents *prior* to initiating any litigation.

10  (RJN Ex. A. at "**Additional Provisions for Auto Rental CDW**" ("No legal action for a claim

11  may be brought against us until sixty (60) days after we receive Proof of Loss. . . . Further, no

12  legal action may be brought against us unless all the terms of this Guide to Benefit have been

13  complied with fully.").)  The necessity of these documents is made evident by this motion—

14  VISA is forced to defend against anemic allegations with nothing more than Plaintiff's

15  unsubstantiated claim that he damaged a Zipcar and that Zipcars are "rental cars," even though he

16  never provided any purported "rental agreement" to VISA (*see id.* ¶ ¶ 41, 44) or appended such

17  an agreement to the Second Amended Complaint.  Had Plaintiff provided those materials, VISA

18  could have evaluated his assertion that his Zipcar should be covered with the benefit of all

19  applicable facts.  As it stands, Plaintiff has still refused to provide the materials necessary for

20  VISA to do so.

21          C.      **Plaintiff's Implied Covenant Claim is Superfluous**

22         Plaintiff's breach of the implied covenant claim should be dismissed as "superfluous and

23  improper" because the allegations for this claim "do not go beyond the statement of a mere

24  contract breach and, relying on the same alleged acts, simply seek the same damages or other

25  relief already claimed in a companion contract cause of action."  *Careau,* 222 Cal. App. 3d at

26  1395.[10]  Here, Plaintiff alleges that "VISA's implementation of a policy to consider cars obtained

27

28  [10] *See also De La Torre v. Am. Red Cross*, No. CV-13-04302 DDP (JEMx), 2013 WL 5573101, at
    *4 (C.D. Cal. Oct. 9, 2013) (dismissing plaintiff's breach of covenant of good faith and fair

1    through Zipcar as something other than car rentals under the Agreement violates the spirit of the

2    Agreement and is intended to prevent  . . . Plaintiff and class members who rent vehicles through

3    Zipcar from receiving the benefit of the Auto Rental CDW."  (SAC ¶¶ 72-73, 76.)  But those are

4    precisely the same factual allegations (and requests for relief) that are made in Plaintiff's breach

5    of contract claim.  (*See id.* ¶¶ 64, 67, 68.)  Accordingly, the implied covenant claim is superfluous

6    and should be dismissed.  *See Careau,* 222 Cal. App. 3d at 1395; *Hood v. Superior Court*, 33 Cal.

7    App. 4th 319 324 (1995).

8            **D.**       **Plaintiff Lacks Standing to Seek Injunctive Relief**

9            Finally, Plaintiff's request for injunctive relief—including his demand that this Court

10   "enjoin[ ] VISA from continuing and/or permitting such unfair, unlawful, and fraudulent business

11   acts and practices," and to "forc[e] VISA to allow Plaintiff and class members to reactivate or

12   resubmit their applications for coverage" (SAC ¶¶ 67, 86)—fails because he has not alleged (and

13   could not credibly allege) that he is personally threatened by any repetition of the injury he claims

14   to have suffered.  To seek injunctive relief in federal court, Plaintiff must demonstrate that he is

15   "realistically threatened by a repetition of [the violation at issue]."  *Gest v. Bradbury*, 443 F.3d

16   1177, 1181 (9th Cir. 2006) (citations and emphasis omitted).

17           Plaintiff is already personally aware of VISA's supposedly "secret" policy to exclude

18   Zipcars from the Benefit.  He thus cannot possibly be deceived by any alleged misrepresentations

19   (affirmative or omissions) about the Benefit in the future.  *See, e.g.*, *Walsh v. Nev. Dep't of*

20   *Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (no standing for injunctive relief where "no

21   indication" of future harm); *Campion v. Old Republic Home Prot. Co.*, *Inc.,* 861 F. Supp. 2d

22   1139, 1149 (S.D. Cal. 2012) ("Article III imposes a jurisdictional requirement that is more

23   stringent than the UCL, and which, with respect to Plaintiff's claim for injunctive relief, is not

24

25   dealing claim because plaintiff's claim was based on the same allegations supporting the breach
     of contract claim and was thus superfluous of that claim); *Integrated Storage Consulting Servs.,*

26   *Inc., v. NetApp, Inc.*, No. 5:12-CV-06209 (EJD), 2013 WL 3974537, at *8 (N.D. Cal. July 31,
     2013) (dismissing breach of the implied covenant of good faith and fair dealing claim because

27   plaintiff "merely allege[d] that by breaching those contracts, Defendant also breached the implied
     covenant of good faith and fair dealing").

28

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB

1   satisfied."); *Castagnola v. Hewlett-Packard Co.*, No. 11-cv-05772, 2012 WL 2159385, at *6

2   (N.D. Cal. June 13, 2012) (no standing to seek injunctive relief where there plaintiff was now

3   aware of defendant's allegedly deceptive practices to lure consumers into enrolling in a fee-based

4   website membership); *Stephenson v. Neutrogena Corp.*, No. C 12-0426-PJH, 2012 WL 8527784,

5   at *1 (N.D. Cal. July 27, 2012) (striking prayer for injunctive relief where plaintiff did not allege

6   that she would purchase products in the future).  Plaintiff's claims for injunctive relief should be

7   stricken and/or dismissed.[11]

8   **V.    <u>CONCLUSION</u>**

9          For the reasons stated above, VISA respectfully requests that this Court (1) dismiss

10  Plaintiff's Third Cause of Action for failure to comply with Rule 9(b), lack of Article III and

11  statutory standing, and failure to state a claim; (2) dismiss Plaintiff's First and Second Causes of

12  Action for failure to state a claim; and (3) dismiss and/or strike Plaintiff's claims for injunctive

13  relief for lack of standing.

14

15      Dated:  March 14, 2014                    RICHARD B. GOETZ
                                                   MATTHEW D. POWERS
16                                                 JACLYN BLANKENSHIP
                                                   O'MELVENY & MYERS LLP
17

18                                                 By:  /s/ Jaclyn Blankenship
                                                   _____
19                                                     Jaclyn Blankenship
                                                   Attorneys for Defendant
20                                                 VISA, Inc.

21

22

23  _____

    [11] Plaintiff's failure to allege facts sufficient to support his individual claim for injunctive relief
24  likewise dooms his prayer for injunctive relief on behalf of the class.  *Wang v. OCZ Tech. Grp.,
    Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011) ("Allegations that a defendant's continuing conduct
25  subjects unnamed class members to the alleged harm is insufficient if the named plaintiffs are
    themselves unable to demonstrate a likelihood of future injury."); *Deitz v. Comcast Corp.*, No. C-
26  06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) (class averments did not
    cure the defect in plaintiff's complaint because "[u]nless the named plaintiff is himself entitled to
27  seek injunctive relief, he 'may not represent a class seeking that relief.'") (quotations and
    citations omitted).
28

VISA, INC.'S  MOTION TO DISMISS AND
                                                                                      MEM. OF P. & A. IN SUPPORT
                                                                                      C 13-CV-5125-CRB

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on March 14, 2014, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   e-mail addresses denoted on the Electronic Mail Notice List.

5

6       I certify under penalty of perjury under the laws of the United States of America that the

7   foregoing is true and correct.

8

9       Dated: March 14, 2014                    RICHARD B. GOETZ
                                                   MATTHEW D. POWERS
10                                                 JACLYN BLANKENSHIP
                                                   O'MELVENY & MYERS LLP
11

12                                                 By: _/s/ *Jaclyn Blankenship*_____

13                                                     Jaclyn Blankenship
                                                   Attorneys for Defendant
14                                                 VISA, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VISA, INC.'S  MOTION TO DISMISS AND
MEM. OF P. & A. IN SUPPORT
C 13-CV-5125-CRB