Charles D. Marshall (State Bar No. 236444)
**MARSHALL LAW FIRM**
2121 N. California Blvd., Suite 290
Walnut Creek, CA  92596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for Plaintiff
RON DAVIS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON DAVIS, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>VISA, Inc., a Delaware corporation,<br><br>    Defendant. | Case No. 3:13-cv-5125<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT**<br><br>Hearing Date:  12/12/ 14<br>Hearing Time:  10:00 a.m.<br>Judge:  Hon. Charles R. Breyer<br>Trial Date:  None Set |

1
2
3
**<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ........................................................................................ 1

II.   STATEMENT OF FACTS……………………………………………………...3

      A.    PROCEDURAL AND FACTUAL BACKGROUND …………………………….3

      B.    THE PROPOSED SETTLEMENT……………………………………………...5

            1.    VISA Will Allow Claims Against Zipcar Rentals Under the Benefit……...6

            2.    VISA Will Pay Class Members 100% of Benefits Claims Previously
                  Denied …………………………………………………………………...6

            3.    The Parties Stipulate To Class Certification For Settlement Purposes …….7

            4.    VISA Will Pay Plaintiff's Reasonable Attorney's Fee and Litigation Costs
                  and Service Awards to Plaintiffs……………………………………………8

III.  ARGUMENT ……………………………………………………………………8

      A.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE
            SETTLEMENT …………………………………………………………………8

            1     The Applicable Legal Standard ……..………………………………...9

            2.    This Settlement Is The Product of Serious, Informed, And Arm's Length
                  Negotiations ……..………………………………………..…………10

            3.    The Settlement Has No "Obvious Deficiencies" And Treats No Members
                  Of The Class Preferentially. ……………………………………………10

            4.    The Settlement Falls Within The Range Of Possible Approval …………..11

      B.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS
            APPROPRIATE…………………………………………………………...12

            1.    The Criteria For Class Certification Under Rule 23(a) Are Satisfied ……14

                  a.    Joinder Of All Members Is Impracticable ………………………..14

.

i

b.      Common Issues of Law And Fact Exist …………………………15

c.      The Named Plaintiff's Claims Are Typical of Class Claims …….15

d.      The Named Plaintiff And Their Counsel Adequately Represent The Proposed Class …………………………………………... 16

2.    The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3). ……………………………………………………17

C.    THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF DUE PROCESS  …………………………………………………..…18

1.    The Method Of Notice Proposed Is Appropriate

2.    The Contents Of The Proposed Notice Are Adequate ……………….......19

D.    SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE  ……....20

E.    NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ……………………20

IV.    CONCLUSION ……………………………………………………………..20

3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**TABLE OF AUTHORITIES**

**Federal Cases**

*Alberto v. GMRI, Inc.,*
    252 F.R.D. 652 (E.D. Cal. 2008) ............................................................. 9, 11, 12

*Alvarado Partners, L.P. v. Mehta,*
    723 F. Supp. 540 (D. Colo. 1989) .................................................................... 13

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ........................................................................................ 18

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ..................................................................... 15, 18

*Chavez v. Blue Sky Natural Bev. Co,*
    268 F.R.D. 365 (N.D. Cal. 2010) .................................................................... 17

*Delarosa v. Boiron, Inc.,*
    275 F.R.D. 582 (C.D. Cal. 2011) .................................................................... 15

*Dukes v. Wal-Mart, Inc.,*
    509 F.3d 1168 (9th Cir. 2007) ............................................................. 15, 16, 17

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),*
    213 F.3d 454 (9th Cir. 2000) ......................................................................... 9, 10

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ......................................................................... 16

*Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor v. INS,*
    306 F.3d 842 (9th Cir. 2002) ........................................................................... 15

*In re Wells Fargo Loan Processor Overtime Pay Litig.,*
    2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ................................................. 20

*Jordan v. Cnty. of L.A.,*
    669 F.2d 1311 (9th Cir. 1982) ................................................................... 15, 16

*Lozano v. AT&T Wireless Servs.,*
    504 F.3d 718 (9th Cir. 2007) ........................................................................... 16

*Lundell v. Dell, Inc.,*
    2006 U.S. Dist. LEXIS 90990 (N.D. Cal. Dec. 4, 2006) ............................... 18

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,*
    671 F. Supp. 819 (D. Mass. 1987) .................................................................. 10

iii

*O'Donovan v. Cashcall, Inc.*,
    278 F.R.D. 479 (N.D. Cal. 2011) ...................................................................... 16, 17

*Rodriguez v. W. Publ'g*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................ 19, 20

*Williams v. Costco Wholesale Corp.*,
    2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ...................................................... 9, 10

*Wright v. Linkus Enters.*,
    259 F.R.D. 468 (E.D. Cal. 2009) ............................................................................ 9

*Zeisel v. Diamond Foods, Inc.*,
    2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011)………………………….......… 16

**Federal Statutes**

28 U.S.C. § 1715 (2006) ...................................................................................... 20

Fed. R. Civ. P. 23 ...................................................................................... *passim*

**Other**

The Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial (2012), Ch. 10-C ...................................................................................................................... 13

Manual for Complex Litigation (4th ed. 2004) …………………………….………........ 13, 18

iv

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on December 12, 2014 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Ron Davis, on behalf of the proposed Class (defined herein), respectfully applies to this Court for entry of an order: (i) granting preliminary approval of the proposed settlement set forth in the class action Settlement Agreement (attached as Exhibit 1 to the accompanying Declaration of Charles D. Marshall); (ii) conditionally certifying the Class for purposes of such settlement by way of a [Proposed] Order Granting Preliminary Approval (submitted herewith); (iii) approving Plaintiff's selection of Class Counsel; (iv) approving the proposed notice plan; and (v) setting a hearing date for final approval thereof.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the other papers on file in this action, and such other submissions or arguments that may be presented before or at the hearing on this motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff Ron Davis, on behalf of the proposed Class (defined herein), respectfully apply to this Court for entry of an order (i) granting preliminary approval of the proposed settlement set forth in the class action Settlement Agreement (Declaration of Charles D. Marshall in Support of Motion for Preliminary Approval of Class Action Settlement ("Marshall Decl."), Ex. 1); (ii) conditionally certifying the Class for purposes of such settlement by way of a [Proposed] Order Granting Preliminary Approval (the "Preliminary Approval Order") (submitted herewith); (iii) approving Plaintiffs' selection of Class Counsel; (iv) approving the proposed notice plan; and (v)

1

setting a hearing date for final approval thereof (the "Final Approval Hearing").

The proposed settlement resolves all claims in the Second Amended Complaint in the above captioned case, which concerns an alleged breach of agreement and unfair business practice in relation to VISA's promise to  provide qualified cardholders a Collision Damage Waiver benefit (the "Benefit").  Specifically, VISA promises a benefit to certain cardholders designed to protect those cardholders from liability for damage or loss incurred when renting vehicles, so long as the rental transaction is initiated and completed with an eligible VISA card, and the cardholder declines any optional collision damage waiver coverage provided by the rental company.  Plaintiff complained that VISA maintained an internal policy, separate from the Benefit Agreement, to exclude Zipcar rentals from the Benefit, resulting in the alleged breach and unfair business practice under the Unfair Competition Law, Business and Professions Code section 17200 *et seq.* Plaintiff filed on behalf of all VISA cardholders who maintain a VISA standard, VISA Rewards and/or VISA Premium Rewards branded credit card offering the Benefit coverage, and who were denied a claimed benefit based on VISA's determination that Auto Rental CDW does not cover claims for rentals made through Zipcar.

The proposed settlement is fair, reasonable, and adequate, falling well within the range of class action settlements that merit preliminary approval. First and foremost, VISA will pay Class Members who submit valid claims 100% of the Benefit for which they were previously denied. There are approximately 245 class members who are entitled to reimbursement for benefits totaling approximately $160,000.00, or an average of over $650 per class member.[1]  In addition,

---

[1] The relatively small size of the class is a result of the fact that there are several steps one must have taken to be in the position to make a benefit claim triggering the claim alleged in this matter. First, one must have paid for a Zipcar rental with a qualifying VISA card. Then, one must have (footnote continued)

3:13-cv5125
PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

this settlement will prevent future violations because VISA agreed to include claims for Zipcar under the Benefit starting November 6, 2014.  VISA retains the right to take action to exclude Zipcar after April 1, 2015, but if it chooses to do so it must provide clear notice to consumers of the policy to exclude Zipcars.  Even if VISA elects to exclude Zipcars after April 1, the settlement requires clarity and transparency to consumers when choosing whether to use a VISA card to pay for a Zipcar rental.

In addition VISA agreed that it will not oppose an application by Plaintiff for attorney's fees and costs, not to exceed $57,520.00, as well as a service award for Plaintiff of $2,000.  In turn VISA will receive a release of claims from each class member relating to the alleged breach of contract and unfair practices.  These settlement stipulations were reached after rigorous, informed negotiations between the parties and their experienced class action counsel, in a process that was overseen by a seasoned, neutral mediator. Because this proposed settlement is fair to all parties and because it adequately addresses the grievances of Plaintiffs and the Class, it should be preliminarily approved.

## II.    STATEMENT OF FACTS

### A.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges that among the ways VISA attracts consumers to VISA branded credit cards over cards using competing payment technologies is to offer VISA branded cardholders certain benefits. Pertinent to Plaintiff's Second Amended Complaint ("SAC") is the "Auto Rental Collision Damage Waiver – Personal," hereinafter referred as the "Benefit."  VISA offers the

---

declined the optional Zipcar deductible insurance. Next, one must have gotten into an accident with that Zipcar.  Finally, one had to make a claim for that deductible payment against the VISA Benefit.  Apparently, the universe of people who took those steps is relatively small in comparison to the total number of VISA cardholders; however, the class data suggest an increasing trend toward doing so.

3:13-cv-5125
PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    Benefit to all VISA standard, VISA Rewards and VISA Premium Rewards credit cardholders.

2    VISA's Benefit promises to provide "[c]ollision and theft coverage on auto rentals," however,

3    Plaintiff contends that VISA's Benefit agreement does not disclose to cardholders that VISA has

4    an internal policy to exclude from coverage rentals made through Zipcar.[2]

5           On November 4, 2013, Plaintiff filed a Complaint against VISA in the U.S. District Court

6    for the Northern District of California alleging that the failure to cover Zipcar rentals under the

7    Benefit constituted (1) violations of California's Unfair Competition Law ("UCL") Cal. Bus. &

8    Prof. Code § 17200 *et seq.*; (2) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ.

9    Code § 1750 *et seq.*; (3) breach of contract , (4) breach of the implied covenant of good faith and

10   fair dealing, as well as a claim for (5) declaratory relief.  On December 16, 2013, Plaintiff filed a

11   First Amended Complaint adding a claim for damages under the CLRA count.  On February 28,

12   2014, in response to a motion to dismiss filed by VISA, Plaintiff filed a Second Amended

13   Complaint, alleging only claims under the fraud and unfair prongs of the UCL, for breach of

14   contract and for breach of the duty of good faith and fair dealing.

15          On April 18, 2014, the Court granted in part and denied in part VISA's Motion to Dismiss,

16   dismissing claims under the fraud prong of the UCL, but allowing claims under the UCL unfair

17   prong to proceed, as well as the claims for breach of contract and breach of the covenant of good

18   faith and fair dealing. Prior to the ruling, the parties had begun discussions regarding the

19   underlying factual allegations and potential settlement options.  On June 27, 2014, the parties

20   participated in a settlement mediation with the Honorable Rebecca Westerfield (Retired).

21   _____

22   [2] Plaintiff contends that Zipcar—who is not a party to this lawsuit—is a vehicle rental company.
     Plaintiff alleges that customers of Zipcar do not hold or share title to any of the vehicles in
23   Zipcar's fleet, nor do they have any rights to the cars beyond the ability to use them at the times
     and for the duration agreed to by Zipcar.  Plaintiff further alleges that while Zipcar may market
24   itself as a "car sharing" service, Zipcar customers neither have, nor share, any ownership rights in
     the vehicles in Zipcar's fleet.  Plaintiff alleges that for the purposes of the VISA's Benefit, there is
25   no meaningful distinction between Zipcar and other rental services VISA considers covered by the
26   Benefit.

27                                          4

28                                                                          3:13-cv5125
     PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Marshall Decl. ¶ 2.  Prior and during the mediation, VISA provided Plaintiff with vital

2  information pertinent to the legitimacy and scope of Plaintiff's claims, including screenshots

3  showing VISA cardholders who had made claims against the Benefit  for Zipcar rentals, dates and

4  states where the claims were made, as well as disclosing the procedure VISA undertook to identify

5  these Class Members.  *Id.* ¶¶ 4.

6        Although VISA has numerous potential defenses to the underlying allegations and the

7  basis for certifying the Class, in recognition of the risks of litigation and the certain, significant

8  costs of defending it, VISA agreed to a settlement providing valuable relief to the Class in the

9  form of a cash payment of 100% of the claimed benefit for each Class member. The settlement

10  also provides a valuable benefit going forward to consumers *outside* the class in that VISA agrees

11  it will no longer exclude Zipcar rentals from the Benefit unless it takes steps to make it clear to

12  consumers an intention to exclude Zipcars—i.e., if VISA does nothing, Zipcars will be covered by

13  the Benefit as a result of the settlement.

14

15        **B.       THE PROPOSED SETTLEMENT**

16        In exchange for a release of claims from Class Members, VISA agreed to undertake

17  several important remedial measures.  First, starting November 6, 2014, VISA will no longer

18  exclude Zipcar rentals from the Benefit through at least April 1, 2015.  VISA maintains the right,

19  however, to take action in the future to expressly exclude Zipcar rentals from the Benefit, so long

20  as such action provides clarity to consumers.  Even if VISA decides to exercise that right, the

21  result will be greater clarity and transparency for consumers in the marketplace.  This remedial

22  measure benefits consumers far beyond the borders of the Class at issue. Second, VISA agreed to

23  pay each Class Members who submits a valid claim 100% of the benefit to which they would have

24  been entitled had the Zipcar exclusion not been applied.  Third, VISA will pay for Plaintiff's

25  reasonable attorney's fees and costs not to exceed $57,520.00, as well as a service award for

26  Plaintiff Ron Davis not to exceed $2,000.

27

28

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1. **VISA Will Allow Claims Against Zipcar Rentals Under the Benefit**

In the settlement of Plaintiff's and the Class's claims, VISA has agreed to prospectively allow its cardholders to make claims against the Benefit for Zipcar rentals, through at least April 1, 2015. Such claimants will be subject to the same claims procedure as all other rental customers, and will be paid for the same amounts and on the same basis. Marshall Decl. Ex. 1, ¶ 2.2(a); see also id. *Ex.* 1-B, ¶ 5(B). After April 1, 2015, VISA will either continue to allow such claims under the benefit, or expressly exclude them by either amending the benefit agreement or by otherwise providing clear notice of such a policy change to cardholders.

2. **VISA Will Pay Class Members 100% of Benefit Claims Previously Denied**

The Settlement Agreement also provides that VISA will pay each Class Member identified in VISA's records 100% of the benefit which would have been available to them had the claim not been denied under VISA's prior policy to exclude Zipcar transactions. Due to the passage of time, VISA agreed that Class members will not be required to submit the standard panoply of documents required under the Benefit Agreement to establish a claim. Instead, VISA agrees to treat the claims as valid upon certification by each class member on his or her claim form under penalty of perjury and absent clear evidence of fraud or prior payment of the claim by a third party, or discharge of the claim in bankruptcy. Marshall Decl. ¶ 6; see also Ex. 1, ¶ 2.1(b). Ex. 1-A and Ex. 1-B, ¶ 5(A).

The records of the company that administers the Benefit for VISA identify that 245 Class Members submitted claims for Zipcar rentals within the applicable statute of limitations and were denied claims based on the Zipcar exclusion. See Marshall Decl. ¶ 5. As discussed in the SAC, because Zipcar provides mandatory insurance for its rentals, the Class Member claims are limited to the amount of the Zipcar insurance deductible. That deductible was set at $500 until October

6

1  2010 when it increased to $750. See Marshall Decl. ¶ 7. As a result, those amounts act as the

2  ceiling for each of the Class Member's awards.  For example, if a Class Member made a claim for

3  $560 on February 10, 2011, that Class Member could submit a claim form and receive a payment

4  from VISA of $560 as a result of this settlement.  And if the claim at the time was for $750 or

5  more, then they will receive the amount they would have been entitled to under the Benefit ($750

6  in this example).  In other words, Class Members who submit claims will get 100% of the amounts

7  that Plaintiffs contend they should have been paid under the Benefit. For the 245 Class members,

8  Plaintiff expects VISA will pay out approximately $160,000, or an average of over $650 per class

9  member.  Marshall Decl. ¶ 5.

10      Notice to the Class will be provided within thirty (30) days after the Court's preliminary

11  approval and achieved by first class U.S. Mail (and by email, where addresses are available) to all

12  Class Members as described in more detail below.

13                  **3.**         **The Parties Stipulate To Class Certification For Settlement Purposes**

14      Plaintiff seeks certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and VISA agreed

15  to stipulate to class certification solely for the purposes of achieving settlement. Marshall Dec.

16  Ex.1 The putative settlement Class will comprise all persons and entities in the United States who

17  (1) maintain a VISA standard, VISA Rewards and VISA Premium branded credit card offering the

18  automobile rental collision damage waiver benefit, (2) who, prior to November 6, 2014, mad a

19  claim to VISA for such benefit based on an incident involving a Zipcar (the "Claim"), and (3)

20  whose claims were denied because the vehicle involved was a Zipcar.[3] Marshall Dec. Ex.1, ¶ 1.24.

21  _____

22  [3] Attached to the Settlement Agreement as <u>Exhibit C</u> is a list of all persons who (based on a review of records maintained by Defendant) qualify as potential members of the Settlement Class under

23  the definition set forth above. Excluded from the Settlement Class are the following: (a) all Persons who file timely Requests for Exclusion, (b) all Persons who had their claims *discharged*

24  in bankruptcy, finally adjudicated on the merits or otherwise released against Defendant, (c) the Defendant, Indemnity Insurance Company of North America ("IINA"), and any respective parent,

25  subsidiary, affiliate, or control person of either, as well as their officers, directors, agents, servants, or employees, (d) any judge presiding over this Action, and (e) the immediate family members of

26  any such Person(s).

27  (footnote continued)

28                                             3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Class Members will have forty-five (45) days after the date Class Notice is mailed to file any objections to the proposed settlement, to seek exclusions from the Class, or to file a notice of intent to appear at the hearing. Marshall Decl. Ex. 1. ¶¶ 1.16, 5.1, 5.2. The parties will monitor and track those Class members seeking exclusion or objecting to the proposed settlement.

### 4.   VISA Will Pay Plaintiff's Reasonable Attorney's Fee and Litigation Costs and Service Awards to Plaintiffs.

Pursuant to the Settlement Agreement and following the Court's preliminary approval of the Stipulation of Settlement, Class Counsel will submit an application to the Court for an award of attorneys' fees and expenses not to exceed $57,520, subject to the Court's approval. Marshall Decl. Exh. 1, ¶ 9.1. VISA will not oppose this application. Id. Any award of fees will in no way affect the amount disbursed to Class members. VISA also agreed to pay a modest, $2,000 award to compensate the named Plaintiff for his service as Class representatives.  This award will in no way affect the amount disbursed to Class members.  Marshall Decl. Ex. 1, ¶ 9.2.

The propriety of these awards is not at issue in this motion.  Plaintiff will provide support for these awards with sufficient time to be heard and ruled upon at the Fairness Hearing.

## III.        ARGUMENT

### A.   THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT.

The proposed settlement is fair and reasonable. The settlement provides substantial benefits to the Class and consumers at large by requiring VISA to accept claims against the Benefit for damage incurred while renting vehicles from Zipcar.  In addition, each Class Member submitting a valid claim will receive 100% of the benefit to which he or she would have been entitled had VISA not rejected their claim due to its policy to exclude Zipcar transactions from the Benefit.

3:13-cv5125
PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The settlement accomplishes this while avoiding both the uncertainty and the delay that would be associated with further litigation. It represents a fair compromise of the parties' respective positions in the litigation, and enables each party to end the litigation, thus avoiding its costs and risks. Finally, the settlement was reached through arm's length negotiations as part of a supervised mediation process with the Honorable Rebecca Westerfield (Retired). Plaintiffs' counsel, which has significant experience in litigating class actions, supports the resulting settlement as fair and as providing reasonable relief to the members of the Class.

### 1. The Applicable Legal Standard.

A proposed settlement may be approved by the trial court if it is determined to be "fundamentally fair, adequate, and reasonable." *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000).

Given that the full fairness and adequacy of a class settlement can only be assessed at the final approval hearing, at the preliminary approval stage the Court "need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval' and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Williams v. Costco Wholesale Corp*., 2010 WL 761122, at *5 (S.D. Cal. Mar. 4, 2010) (citing WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002) (citations omitted)); *see also Wright v. Linkus Enters.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009); *Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 666 (E.D. Cal. 2008).

Preliminary approval of a settlement and notice to the proposed class is appropriate if "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval...." *Williams*, 2010 WL 761122, at *5 (brackets and ellipses in original) (*quoting Vasquez v. Coast Valley Roofing, Inc*., 2009 WL 3857428, at *7 (E.D. Cal. Nov. 17, 2009)). This settlement meets all of the above criteria.

3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

2
        **2.**       **This Settlement Is The Product of Serious, Informed, And Arm's Length Negotiations.**

3
      Arm's length negotiations conducted by competent counsel constitute prima facie evidence

4
of fair settlements. *See M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,* 671 F. Supp. 819, 822

5
(D. Mass. 1987) ("Where … a proposed class settlement has been reached after meaningful

6
discovery, after arm's-length negotiation by capable counsel, it is presumptively fair.").

7
      The parties' negotiations were adversarial and at arm's length. See Marshall Decl. ¶¶ 1-8.

8
Counsel for Plaintiff has considerable experience in class action litigation in general, and with the

9
legal and factual issues of this case in particular. See Marshall Decl., ¶¶ 11,12(a)-(f) and Ex. 3

10
attached thereto.  Furthermore, although no formal discovery was conducted, VISA did provide

11
Plaintiff with vital information pertaining to the legitimacy and scope of Plaintiff's claims,

12
including screen shots of class member's claim files, and information describing the criteria used

13
to identify Class Members.  *See* Marshall Decl. ¶¶ 4, 5; *see also Dunleavy*, 213 F.3d at 459 ("[I]n

14
the context of class actions settlements, formal discovery is not a necessary ticket to the bargaining

15
table where the parties have sufficient information to make an informed decision about

16
settlement.") (citation omitted). This sharing of information ensured sophisticated and meaningful

17
settlement negotiations, which were conducted over several months, including a face-to-face

18
mediation with members of VISA's business and claims team, as well as representatives of the

19
insurer who administers the Benefit. See Marshall Decl. ¶¶ 2-5, 7, 8. In short, the parties were

20
fully informed of all relevant facts at the time a settlement was reached.

21
        **C.**       **The Settlement Has No "Obvious Deficiencies" And Treats No Members Of The Class Preferentially.**

22
      The settlement is fair in light of the status of the litigation, and treats Class members

23
equitably. All potential qualified VISA cardholders will benefit from the injunctive relief provided

24
for in the settlement, and all Class Members submitting valid claims will be paid 100% of the

25
Benefit to which they would have been entitled absent the Zipcar exclusion.  The settlement's

26
notice provisions, which are detailed and comprehensive and which will be administered by VISA,

27
10

28
PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

through the Indemnity Insurance Company of North America ("IINA") and Allianz Global Assistance—the entities that administer the Benefit on VISA's behalf—will help ensure that Class members receive the monetary relief. <u>See</u> <u>Alberto</u>, 252 F.R.D. at 666-67 (satisfactory notice provisions weigh in favor of preliminary approval).  VISA will bear all costs of administering the settlement. Moreover, the substantial injunctive and monetary relief secured by the settlement is quite fair in light of the significant hurdles faced by Plaintiffs and the Class going forward: VISA vigorously disputes that the Class would be able to prove liability, certify a class, or be entitled to injunctive relief or monetary damages.

Although Plaintiffs believe that they could establish liability were the case to go to trial, this settlement represents a 100% recovery for class members and, going forward, the case is hardly an easy win.  Whether Zipcar qualifies as a rental agency under the terms of the Benefit agreement is a question which has not been definitively answered or addressed by law.  In the absence of prior decision or law, Plaintiff would face the hurdle of establishing that Zipcar is either a rental agency, or that there is no meaningful distinction between a Zipcar transaction and those with other car rental companies. Notably, other plaintiffs have failed to bring similar lawsuits alleging breach of contract or unfair practices relating to VISA's Zipcar exclusion.

By settling now, Class members secure meaningful and complete monetary compensation, plus the certainty of knowing that VISA will no longer deny Zipcar claims against the Benefit unless VISA takes action to make such an exception clear to consumers. The monetary benefits will accrue equally to all Class members, and the injunctive relief will benefit all VISA consumers, whether in the Class or not. Given the vagaries of pressing forward with litigation, the settlement has no "obvious deficiencies" and treats no Class members unfairly.

### 4.    The Settlement Falls Within The Range Of Possible Approval.

The substance of the settlement clearly falls within the bounds of reasonableness. Plaintiff has secured a commitment from VISA to implement injunctive relief that fully cures the alleged unfair practice at the heart of this case. Additionally, VISA agreed to pay Class members who

3:13-cv5125
PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

submit a valid claim form 100% of the benefit to which they would be entitled had VISA not

instituted a policy to exclude Zipcar vehicles from the Benefit.  The claim form is a simple, single

page document requiring only that the Class Member sign under penalty of perjury that they have

not already been reimbursed for the Benefit claim. The injunctive relief component of the

settlement – which cannot be readily monetized, but which has tremendous value to consumers –

only enhances the legitimacy of this recovery.

The reasonableness of the settlement is further underscored by the fact that it was reached

only after participation in formal mediation before a qualified, neutral mediator. See *Alberto*, 252

F.R.D. at 666 (brokering of settlement by qualified mediator weighs in favor of preliminary

approval of settlement by court). Here, the parties employed the Honorable Rebecca Westerfield

as a mediator, a former Judge of the Circuit Court of Jefferson County Kentucky, and current

ADR panelist for the U.S. District of the Northern District of California with decades of

experience in the resolution of complex business litigation, including class actions and insurance

issues. See Marshall Decl. ¶ 2 & Ex. 2.

Moreover, the fee award sought by Plaintiff, which will be subject to further review by this

Court at the final settlement approval stage, is well within the range of possible approval. See

Marshall Decl. ¶ 8. This is especially true given the centrality of the injunctive relief component to

the overall settlement. See generally Committee Notes to 2003 Amendments to Fed. R. Civ. P.

23(h) ("[I]t is important to recognize that in some class actions the monetary relief obtained is not

the sole determinant of an appropriate attorney fees award.") (*citing Blanchard v. Bergeron*, 489

U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on "the importance of the

recovery of damages in civil rights litigation" that might "shortchange efforts to seek effective

injunctive or declaratory relief")).

For all of these reasons, preliminary approval of the settlement should be granted.

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

2

**B.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS
APPROPRIATE.**

3

For settlement purposes only, Plaintiff requests that the Court provisionally certify the

4

settlement Class proposed below pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5

Provisional Class certification is appropriate in part because VISA consents to Class certification

6

solely in the context of this settlement. See Marshall Decl. Ex. 1, Recitals J, K; ¶ 1.24. *See also*

7

*generally* The Rutter Group, *California Practice Guide: Federal Civil Procedure Before Trial*

8

(2012), Ch. 10-C at § 10:787 (noting that courts generally permit parties to stipulate that a defined

9

class be conditionally certified for settlement purposes because it facilitates settlement).

10

Because the parties have reached agreement regarding Class certification in the context of

11

this settlement, the Court may enter an order provisionally certifying the Class for settlement

12

purposes. *See, e.g., Alvarado Partners, L.P. v. Mehta*, 723 F. Supp. 540, 546 (D. Colo. 1989)

13

(D.C. Colo. 1989) (holding that conditional class certification for settlement purposes may be

14

ordered in appropriate cases to foster such benefits as early settlement and reduced attorney's fees

15

and costs). This will allow notice of the proposed settlement to issue, so Class members can be

16

informed of the existence and terms of the proposed settlement, of their right to be heard on its

17

fairness, of their right to opt out, and of the date, time and place of the fairness hearing. See

18

Federal Judicial Center, *Manual for Complex Litigation* (4th ed. 2004) at §§ 21.632, 21.633.

19

Plaintiffs seek certification of a settlement Class defined as follows:

20

21

22

23

> All Persons in the United States who (1) maintain a VISA standard,
> VISA Rewards, or VISA premium branded credit card offering an
> automobile rental collision damage waiver benefit, (2) who, prior to
> November 6, 2014, made a claim to VISA for such benefit based on an
> incident involving a Zipcar (the "Claim"), and (3) whose claims were
> denied because the vehicle involved was a Zipcar.

24

25

Attached to the Settlement Agreement as <u>Exhibit C</u> is a list of all Persons who (based on a review

26

of records maintained by Defendant) qualify as potential members of the Settlement Class under

27

13

28

the definition set forth above. Excluded from the Settlement Class are the following: (a) all Persons who file timely Requests for Exclusion, (b) all Persons who had their claims *discharged* in bankruptcy, finally adjudicated on the merits or otherwise released against Defendant, (c) the Defendant, IINA, and any respective parent, subsidiary, affiliate, or control person of either, as well as their officers, directors, agents, servants, or employees, (d) any judge presiding over this Action, and (e) the immediate family members of any such Person(s).

This settlement Class is nearly identical to that proposed in the Plaintiff's Second Amended Complaint ("SAC"). The differences are as follows.  First, the settlement class provides a November 6, 2014, cut-off date for class membership. This change was made because VISA agreed to cover Zipcar claims under the Benefit starting November 6, 2014, through at least April 1, 2015, thus providing a date certain to end the class period.  Second, the SAC plead two classes—a damages class and a separate declaratory relief class.  Because VISA agreed to reimburse 100% of the available Benefit to class members submitting claims and accept Zipcar claims moving forward, declaratory relief was no longer necessary and that class was superfluous.

### 1.   The Criteria For Class Certification Under Rule 23(a) Are Satisfied.

To merit class certification under Rule 23(a), Plaintiffs must show that: (1) the class is so numerous that joinder is impracticable; (2) questions of law or fact are common to the class; (3) the claims of the representative Plaintiffs are typical of the claims of the class; and (4) the class representatives will fairly and adequately protect the interests of the class. Each of these criteria is met here.

### a.   Joinder Of All Members Is Impracticable.

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Often, a large number of class members by itself establishes the impracticability of joining them as plaintiffs. *See Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). Impracticability does not mean impossibility. *See, e.g., Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 869 (9th

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    Cir. 2002) (noting that classes numbering 39, 64, and 71 met numerosity criterion); *Delarosa v.*

2    *Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal. 2011) ("[A]s a general rule, classes of forty or more

3    are considered sufficiently numerous.") (citation omitted).

4         Based on the parties' search of VISA's database for Benefit claims denied for Zipcar

5    rentals, there are 245 potential Class Members, each of whom is identified on Exhibit C to the

6    Settlement Agreement. Because joinder of all of these individuals is impractical, the numerosity

7    requirement is satisfied.

8                              **b.        Common Issues Of Law And Fact Exist.**

9         This test for common questions of law and fact is "qualitative rather than quantitative –

10   one significant issue common to the class may be sufficient to warrant certification." *Dukes v.*

11   *Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007). Here, "the class is united by a common

12   interest in determining whether a defendant's course of conduct is in its broad outlines

13   actionable." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975). VISA's Benefit agreement is

14   uniform to all qualified VISA cardholders, as was VISA's policy to deny any cardholder making a

15   claim based on a Zipcar rental.  Likewise, the legal question of whether language of the Benefit

16   agreement encompasses Zipcar rentals is common, as is the question of whether implementing a

17   separate policy, not referenced or discussed in the Benefit agreement, which excludes Zipcar

18   rentals is a unfair business practice or a breach of the duty of good faith and fair dealing implied in

19   the agreement.  The decision of these issues would be the same whether this was an individual

20   case or a class action. Thus, the commonality requirement is satisfied.

21                             **c.        The Named Plaintiff's Claims Are Typical Of Class Claims.**

22        Rule 23(a)(3) requires "the claims and defenses of the representative parties [to be] typical

23   of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are typical

24   if they are "reasonably coextensive with those of the absent class members; they need not be

25   substantially identical." *Dukes*, 509 F.3d at 1184 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d

26   1011, 1020 (9th Cir. 1998)). Where the class representatives' interests align with the interests of

27

28
                                                     15
                                                                                        3:13-cv5125
     PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    the class, then the pursuit of the class representatives' individual interests necessarily advances

2    those interests of the class. "[A] named plaintiff's claim is typical if it stems from the same event,

3    practice or course of conduct … and is based upon the same legal or remedial theory." Jordan, 669

4    F.2d at 1321; *see also Hanlon*, 150 F.3d at 1019-20 ("[t]he existence of shared legal issues with

5    divergent factual predicates is sufficient, as is a common core of salient facts coupled with

6    disparate legal remedies within the class"); *Lozano v. AT&T Wireless Servs*., 504 F.3d 718, 734

7    (9th Cir. 2007) ("Under Rule 23(a)(3), it is not necessary that all class members suffer the same

8    injury as the class representative.").

9          Here, Plaintiff and Class members' claims stem from the same underlying wrongful

10   conduct—namely, they did not receive what they were promised in the Benefit agreement, and had

11   their Benefit claims denied based on VISA's internal policy to reject claims involving Zipcar

12   transactions.  Thus, there is a "sufficient nexus" between Plaintiff's claims and those of Class

13   members to satisfy the typicality requirement. *See O'Donovan v. Cashcall, Inc.,* 278 F.R.D. 479,

14   491-92 (N.D. Cal. 2011); *Zeisel v. Diamond Foods, Inc*.,2011 U.S. Dist. LEXIS 60608 (N.D.

15   Cal.June 7, 2011)*,* at *8 (typicality met where plaintiff's claims relating to allegedly false health-

16   related statements on product labels were "reasonably co-extensive with those of absent class

17   members," notwithstanding particularities of class representative's "specific medical condition");

18   *Chavez v. Blue Sky Natural Bev. Co*, 268 F.R.D. 365, 378 (N.D. Cal. 2010) (typicality met where

19   defendant made "substantially the same misrepresentation" on several different beverage products,

20   even where allegedly false statements were "worded in several variations" and where "plaintiff did

21   not buy each product in [defendant's] beverage line").

22

23           **d.**      **The Named Plaintiffs And Their Counsel Adequately Represent
The Proposed Class.**

24         The adequacy of representation requirement is satisfied if (1) the proposed representative

25   plaintiff does not have conflicts with the proposed class, and (2) the plaintiff is represented by

26   qualified and competent counsel. *See Dukes*, 509 F.3d at 1185.

27

28

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Because Plaintiffs and Class members have been allegedly injured in the same manner and seek relief for the same claims, their interests are coextensive. See O'Donovan, 278 F.R.D. at 492 (class representative fairly and adequately represents class where "their claims are reflective of those of the putative class members' and the relief they seek is identical to that sought for the Classes."). Plaintiffs' counsel is qualified and experienced in certifying, litigating, trying, settling, and administering nationwide class actions similar to this case. See Marshall Decl. ¶ 12(a)-(f) & Ex. 3. Plaintiff and his counsel readily satisfy the requirements of Rule 23(a)(4).

### 2. The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3).

Especially in the context of settlement, common issues of law of fact "predominate over any questions affecting only individual members . . .." Fed. R. Vic. P. 23(b)(3). Here, VISA's conduct is equally relevant to each Class Member's claims and damages.  Each Class Member's claim arises from the identical CDW Benefit agreement. Each Class Member used a qualified VISA branded credit card to rent a Zipcar.  Each Class Member declined Zipcar's optional deductible insurance. Each Class Member made a claim against VISA's collision damage waiver Benefit.  Each Class member was denied the Benefit due to the fact that the rental car at issue was a Zipcar.  The only distinction some Class Members may have is the resulting measure of damages, though the amount recovery amount for each Class Member is obvious from the amount they claimed to be owed in their original denied benefit claims.  Regardless, such variation does not defeat class certification. *See Blackie*, 524 F.2d at 905-06

The class action proposed here "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "[E]mploying the class device here will not only achieve economies of scale for the Class Members, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings and preventing the inconsistent adjudications of similar issues and claims." *Lundell v. Dell, Inc.* 2006 U.S. Dist. LEXIS 90990, *6

3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(N.D. Cal. 2006) (citing *Hanlon,* 150 F.3d at 1023). There is no other mechanism by which all of the settlement class member's claims will be as fairly, adequately, and efficiently resolved as through a class action.  In addition, because the action will now settle, issues of manageability relating to the trial of the action are of no consequence. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tired, would represent intractable management problems, for the proposal is that there be no trial").

### C.      THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF DUE PROCESS.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." Manual for Complex Litig. at § 21.312. The Settlement Agreement provides for notice that easily satisfies Rule 23 and due process considerations.

### 1. The Method Of Notice Proposed Is Appropriate.

The method proposed for providing notice to Class members is "reasonable" and should be approved.  Notice to the 245 Class members identified in Exhibit C to the Settlement Agreement, will be achieved shortly after entry of an order by sending to each class member the Notices (Marshall Decl. Ex. 1-B) and Claim Form (Marshall Decl. Ex. 1-A) by first class U.S. Mail, and email when available, to the address of each Class Member according to VISA's records.  Because the Class is comprised solely of people who submitted a claim against the Benefit, each class member has already provided an address, telephone number and often an email address when making their claim, thus directly mailing and emailing notice to each provides the best notice practicable.  To the extent that a class member does not respond to the notice, each party is empowered to use reasonable additional efforts, including contacting Class Members by telephone or email, to confirm the receipt of the Notice. Notice will be provided to Class members so that

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

they have sufficient time to decide whether to participate in the settlement, object, or opt out.

### 2.     The Contents Of The Proposed Notice Are Adequate.

Rule 23 requires that notice of a settlement be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The contents of the notice to class members "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'*" Rodriguez v. W. Publ'g*, 563 F.3d 948, 962 (9th Cir. 2009) (*quoting Churchill Vill. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004)).

Here, the proposed notices provides this "sufficient detail." See Marshall Decl. Exh. 1-B. The Notices defines the Class, explain all Class member rights, releases, and applicable deadlines, and describe in detail the injunctive and monetary terms of the settlement, including the procedures for allocating and distributing settlement funds. It plainly indicates the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement. It details the provisions for payment of attorney's fees and service awards to the class representatives, and provides contact information for the putative Class Counsel. This comports with settlement notices upheld in other cases, as well as this Court's recently published Procedural Guidance for Class Action Settlements. *See, e.g., In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011) (notice adequate where "[i]t disclosed all material elements of the settlement, including class members' release of claims, their ability to opt out or object to the settlement, the amount of incentive awards and attorneys' fees sought, and estimates of the award members could expect to receive."). *See generally Rodriguez*, 563 F.3d at 962-63 (because "[s]ettlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably," they need not "detail the content of objections, or analyze the expected value" of fully litigating the case).

3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### D.      SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make the settlement evaluation.

Proponents of the settlement may explain the terms and conditions of the settlement and offer argument in support of final approval. In addition, settlement class members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. The Court will determine after the Final Approval Hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiffs request that the Court set a date for the final fairness hearing approximately ninety (90) days after entry of the Preliminary Approval Order.

### E.      NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

The parties will provide notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715, to all appropriate federal and state officials with 10 days after the filing of this motion for preliminary approval.  Marshall Decl. ¶ 13.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval to the proposed settlement, provisionally certify the proposed settlement Class, appoint as "Class Counsel" the Marshall Law Firm, approve the proposed notice plan, and schedule a formal fairness hearing on final settlement approval approximately ninety (90) days after entry of the Preliminary Approval Order.

DATED:  November 7, 2014

**MARSHALL LAW FIRM**

By:___ /s/ Charles D. Marshall___.
Charles D. Marshall

Attorney for Plaintiff RON DAVIS

20

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

3:13-cv5125

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted in the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  November 7, 2014

**MARSHALL LAW FIRM**

By: ___*/s/ Charles D. Marshall*___.
Charles D. Marshall

Attorney for Plaintiff RON DAVIS

21

3:13-cv5125

PLAINTIFF'S MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT